## MULL v. PARROTT BROS. CO.

(District Court, D. Idaho, S. D. December 10, 1914.)

1. COURTS (§ 328*)—UNITED STATES COURTS—JURISDICTION—AMOUNT IN CONTROVERSY.

In a suit for a partnership accounting, where it appeared that the partnership owned no property other than moneys due from the partners, and owed no debts, and the only question, therefore, was the amount due from one partner to the other on account of partnership transactions, the amount in controversy could not exceed the aggregate of the amounts claimed by each partner from the other.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. § 328.*]

2. REMOVAL OF CAUSES (§ 107*)—MOTIONS TO REMAND—EVIDENCE.

Where, on a motion to remand a suit for a partnership accounting to the state court from which it had been removed, plaintiff showed that the amount which he claimed to be due him from defendant was less than $3,000, if defendant made any claim against plaintiff sufficient to bring the amount in controversy up to $3,000, it was incumbent upon it to show that fact, even though it was not necessary for it as a matter of pleading to show or set out the amount which it claimed plaintiff owed it.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–232, 234; Dec. Dig. § 107.*]

3. REMOVAL OF CAUSES (§ 109*)—PROCEEDINGS IN STATE COURT AFTER REMAND.

Where plaintiff procures the remand of a cause to the state court on a showing by affidavit that the amount of his claim is less than $3,000, he is bound by this limitation on the amount of his claim in the future proceedings in the state court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 235; Dec. Dig. § 109.*]

In Equity. Suit by Charles H. Mull against the Parrott Bros. Company. On motion to remand to the state court. Cause remanded.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

C. O. Longley, of Twin Falls, Idaho, for plaintiff.

Otto E. McCutcheon and O. E. McCutcheon, both of Idaho Falls, Idaho, for defendant.

DIETRICH, District Judge. [1] The suit is for a partnership accounting. It was commenced in the state district court, and upon petition of the defendant the same was removed to this court, upon the ground of diversity of citizenship and the further representation that the controversy involves a dispute exceeding in value $3,000. The correctness of this allegation as to the value of the matter in dispute is put in issue by a denial on the part of the plaintiff, and that issue is now submitted upon the pleadings and affidavits.

By the affidavit of O. J. Parrott, filed on behalf of the defendant, it is shown that the partnership operations of the plaintiff and defendant were limited to different jobs of construction work, aggregating in value an amount approximating $100,000. So far as appears, the partnership is not indebted to any person, nor is any person indebted to it; all contracts having been fully completed and paid for, and the indebtedness of the partnership having been discharged. Furthermore, it appears that the partnership owns no property, at least no property other than such claims as it may have against the defendant and the plaintiff for moneys received by one or both of them on account of partnership transactions for which they have not accounted.

In his complaint the plaintiff does not allege or intimate what amount he claims to be due from the defendant to the partnership or to him as one of the partners. The prayer is for an accounting and for judgment for such amount as may appear to be due. On the other hand, in the amended answer, which the defendant proposes to file, it is suggested that there may be something due from the plaintiff to the partnership, on account of two of the contracts which constituted a part of the partnership business. In an affidavit supporting his objection that the suit does not involve a dispute of the requisite value, the plaintiff definitely specifies the matters on account of which, and the amounts for which, he claims credit, and, according to the statement, there is due to him the sum of only $1,432.34. He claims no more. In the amended answer of the defendant, already referred to, the statement or suggestion that the plaintiff may be indebted to the defendant is of a very general character, and is of such an indefinite nature that I am inclined to think it can serve no useful function in the consideration of the motion to remand.

To sustain the jurisdiction of this court the defendant relies very largely upon the case of Rogers v. Lawton (C. C.) 162 Fed. 203, where, in a suit for a partnership accounting, a plea was filed to the jurisdiction, on the ground that the amount in controversy did not exceed $2,000. The following is all that the court said upon the subject:

"Assuming the plea to be true, it appears therefrom that the common personal property considerably exceeds $2,000, and I shall assume, without particular examination of the question, that the whole of the common property constitutes the amount in controversy, and that the court has jurisdiction."

By the plaintiff here it is suggested that there is no palpable fund, and hence the rule assumed to be correct in the Rogers-Lawton Case

has no application; but, if we put aside that distinction as not controlling, I am not convinced that reason would justify the general application of such a rule. If it appeared clearly to the court that there was a specific fund of the value of $5,000, and the plaintiff asserted ownership of one half thereof, and conceded ownership in the defendant of the other half, it is difficult to see how the dispute in such case could involve the whole fund, or how the matter in dispute could be deemed to be of a value of more than $2,500. It is true the dissolution of a partnership and the settlement of its affairs may involve incidental considerations distinguishing it from the supposed case; but here, as already suggested, it is not contended that the partnership owes anything or is owed anything, and the only question, therefore, is: How much is due from one partner to the other on account of the partnership transactions? The plaintiff comes into court and represents that on account of certain specific matters there is a balance due him of less than $1,500. The defendant might possibly claim that upon such an accounting there would be found to be due him, the defendant, a large sum, so that the differences between the parties might aggregate an amount in excess of $3,000. In such a suit it would not do to say that the amount which the plaintiff claims an accounting would show to be due him measures the value of the matter in dispute, but I see no reason for holding that the value of the matter in dispute could exceed the aggregate of that claimed by the plaintiff to be due him and that claimed by the defendant to be due to it.

[2] It may very well be that it was not necessary as a matter of pleading for the defendant to show or to set out the amount which it claims the plaintiff owes to it as a balance, but for the purposes of this motion it was incumbent upon it to make such a showing. In order to procure a removal from the state court, it was compelled to represent that the value of the matter in dispute exceeds $3,000. It is now shown that the entire claim of the plaintiff is less than $1,500. If the total matter in dispute exceeds $3,000, it must be because of some claim that the defendant makes against the plaintiff exceeding $1,500; but there are no representations or explanations in the affidavits or pleadings from which we can intelligently reach the conclusion that in good faith it does assert such claim. For the reasons stated, it is thought that the cause must be remanded to the state court, and an order will be entered accordingly.

[3] Of course, in any future proceedings in the state court, the plaintiff will be bound by the limitations placed upon his claim in the affidavit filed herein in support of his motion to remand.