JOHN J. HURL *vs.* ELMER A. MERRIAM, administrator.

Suffolk.          March 26, 1925. — May 21, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Contract,* What constitutes.

One, who has rendered personal services and has received weekly payments by reason thereof, cannot recover, in an action upon a *quantum meruit* against the administrator of the person served, additional pay for the services on the ground that they were rendered in reliance upon an oral promise of the intestate, unenforceable by reason of the statute of frauds, to convey real estate to the plaintiff for such services, if the evidence at most shows statements by the intestate which were mere expressions of his intention and his appreciation of the services rendered by the plaintiff, and there was no evidence of a promise by him to make such conveyance in consideration of the plaintiff's agreement to care for him and to provide him food and lodging or of a promise by the plaintiff to care for the intestate and to give him a home while he lived.

CONTRACT against the administrator of the estate of David J. Carey with a declaration as amended in three counts, described in the opinion. Writ dated December 20, 1922.

In the Superior Court, the action was tried before *Macleod,* J. Material evidence is described in the opinion. At the close of the evidence, a motion by the defendant for a verdict in his favor was denied. The judge charged the jury in part as follows:

"Now there is a technical rule of law known as the statute of frauds which requires that any agreements with respect to the conveyance of property, real estate, shall be in writing, and if the agreement is not in writing or evidenced by some

proper form of memorandum in writing binding the parties, that no action can be brought to enforce that agreement. In other words in order that that agreement as such should be binding upon Carey and upon the administrator in this case it should have been an agreement in writing, and not having been in writing it is not an agreement which the law will permit to be enforced. Consequently you have got to keep accurately in your mind at all times through your consideration of this case and in anything that I may have to say to you further in connection with my charge, that in so far as the plaintiff in this case seeks to recover upon the basis of a special contract to convey property or to pay him the equivalent of the value of that property, that the plaintiff is not entitled to recover on that basis. In so far as his claim rests upon a special contract he cannot recover. And for that reason the plaintiff has discontinued his action with respect to the first and the third counts, leaving the only issue open upon the pleadings the question as to whether or not the plaintiff is entitled to compensation for the services which you find on the evidence that he performed for the deceased; and on that phase of the case which is the only phase of the case which you are at liberty to consider, you are to determine whether those services were rendered upon an express or implied understanding or agreement between the parties that they should be compensated for, and if so, and if the amount of the compensation was not fixed or if it was based upon an oral contract which is not enforceable, as is the case here, then the law would imply a promise to pay what such services were reasonably worth, and in so far as the plaintiff is entitled to recover it is upon the basis of a recovery of the amount which you shall find that the services which he rendered to the defendant were reasonably worth."

The jury found for the plaintiff in the sum of $5,210.60. The judge reported the action for determination by this court "on the stipulation that if my ruling upon the defendant's motion for a directed verdict was correct and if my rulings upon requests or my rulings as to the admissibility of evidence, did not constitute prejudicial error, then judgment is to be rendered upon the verdict; otherwise such

disposition is to be made of the .case as justice may require upon the pleadings, evidence, charge and defendant's exceptions to the admission of evidence taken during the trial, as hereinafter set forth and contained."

*J. W. Lowrance,* for the defendant.

*E. H. Abbot, Jr., (J. J. O'Hare* with him,) for the plaintiff.

CARROLL, J.    This action in contract was in three counts, the first on the account annexed, and the second for labor performed and services rendered the intestate, David J. Carey, from May 1, 1914, to February 25, 1922.    The third count was on a special contract, in effect alleging that the intestate agreed with the plaintiff, in consideration that he would nurse him (the intestate) and would care for him and provide food and lodging during his lifetime, that he would make a conveyance by deed to the plaintiff "for his services of all his real estate in Boston," which was valued by the intestate at $12,000; and that the plaintiff, in consideration of this promise, did remain with the intestate and care for him during his lifetime.    At the close of the evidence the plaintiff waived the first and third counts of the declaration.

It appeared that the intestate lived with the plaintiff in the year 1914 and remained with him until some time in the year 1917.    The plaintiff according to his testimony, was paid "$3 per week for . . . [his] board and $2 per month for . . . [his] room."    In October, 1919 or 1920, Carey returned to the plaintiff's house and lived with him until his death.    During this period Carey paid the plaintiff $3.50 a week.    It was in evidence that, during a part of the time from 1914 till the death of Carey, the plaintiff rendered services in nursing and caring for him.    The plaintiff testified that in 1914 Carey asked if he could live with him, and the plaintiff said he would ask his wife; that he later informed Carey that Mrs. Hurl would not object to his coming to live with them and Carey said, "Now that I am going to make my home with you I am going to deed my property to you"; that at another time, when Carey was not living with the plaintiff, he said in the presence of his lawyer, "I want you to deed . . . my property to him [the plaintiff]." He further testified, in response to the question "Why did

you do all this work for him . . . ?" "Why, we had an agreement back in 1914." He was then asked, "And it was because of that agreement that you gave him all this attention?" and he answered "Yes, sir. That agreement was brought up four times, three times in the presence of others and once when he and I were alone at the very beginning." He also testified, referring to the special agreement, "He told me that in 1914 . . . when he first came to live with me and I had been working for him and taking care of him and looking forward to the said property." There was additional evidence tending to show that Carey stated he was going to convey the real estate in question to the plaintiff.

To support a finding for the plaintiff under the second count, there must be evidence of an implied or of an express contract to pay to the plaintiff a sum beyond what had been paid him. There of course was no evidence of an implied contract. The only evidence which the plaintiff contends shows an express contract was to the effect that the defendent's intestate said he was going to deed his property to the plaintiff. But there is nothing to show that the plaintiff and the intestate entered into a contract, by which the intestate agreed to convey his property to the plaintiff. At most the statements of Carey were mere expressions of his intention and his appreciation of the services rendered by the plaintiff. But there was no promise to make this conveyance in consideration of the plaintiff's agreement to care for him and to provide him food and lodging; and the plaintiff made no promise to care for him and to give him a home while he lived. There was no meeting of minds. The plaintiff was paid by Carey for the board and lodging. He has failed to show that, in addition to the agreement to pay for the board and lodging, there was also a promise by Carey to convey the real estate in consideration of the plaintiff's care, assented to by the plaintiff. The plaintiff has failed to prove the express contract upon which in the circumstances he must rely under the second count of the declaration.

The plaintiff cites *Donovan* v. *Walsh*, 238 Mass. 356, and *Dixon* v. *Lamson*, 242 Mass. 129, in support of his claim.

In each of these cases there was a binding agreement between the parties, an offer made by the deceased, an acceptance of its terms by the plaintiff, and full performance on the plaintiff's part.

As to the nursing of the defendant's intestate, there was no evidence to show either an express or an implied contract to pay therefor beyond the weekly amount which, it is agreed, was paid.

It follows that the defendant's motion for a directed verdict should have been allowed. ·

*Judgment for the defendant.*