JOHN F. RILEY *vs.* JAMES R. FLANAGAN & others, executors.

Norfolk. March 12, 29, 1928. — May 28, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT & SANDERSON, JJ.

*Practice, Civil,* Waiver of defect in pleading. *Payment. Election. Devise and Legacy. Waiver.*

A defence not open under an answer filed in an action of contract in the Superior Court nevertheless can be relied on in this court if the record shows that it was relied on in the Superior Court and that no question of pleading was raised there.

A legacy of $1,000 in the will of the rector of a church "To R, if living at the time of my decease, Sexton of said . . . Church, for services faithfully rendered," did not as a matter of law disclose an intention of the testator that R should, in exchange for the legacy, surrender a claim for personal services rendered to the testator under an express contract for remuneration at a named rate; and acceptance of the legacy by R did not constitute an election which barred him from recovering in an action upon the express contract.

CONTRACT upon an account annexed for $2,750. Writ dated May 10, 1924.

The action was referred to an auditor, the "findings of fact of the auditor . . . to be final." Material facts found by the auditor are stated in the opinion. The action was heard by *McLaughlin,* J., without a jury, upon the auditor's report. He ruled that, by accepting from the defendant executors practically the full amount of the legacy given him, the plaintiff "relinquished the right to recover for the services which the auditor found he rendered"; found for the defendant and reported the action to this court for determination.

*J. B. O'Hare,* for the plaintiff.

*J. R. Flanagan,* for the defendants.

BRALEY, J. This is an action of contract to recover for personal services rendered by the plaintiff to the testator

who was the rector of St. Mary's Church in the town of Dedham. The case was referred to an auditor whose findings of fact, by agreement of the parties, were to be final. After stating the transactions between the plaintiff and the testator, the auditor found for the plaintiff in the sum of $2,650, but the trial judge found and ordered judgment for the defendants and reported the case.

The auditor finds that the plaintiff, who was engaged in the "printing business" in Dedham, undertook at the testator's request to perform personal services for the testator, and he was to be ready to answer all calls by him, day or night, even if he was obliged to leave his business. While no definite compensation was named, it was agreed by the testator that the plaintiff, if required to leave his business, should be paid the amount he would have received if not called upon, which was about $50 a week; if the plaintiff accompanied the testator on trips or vacations and extra workmen were hired in the printing establishment because of the plaintiff's absence, the expense of such employment to the extent of $50 a week, the testator also agreed to pay. The testator moreover said "that he would compensate the plaintiff and pay him for his trouble and expenses." The services which the plaintiff performed under the contract are fully described in the report. The testator paid the amount stipulated for extra help but he did not make any payment for the plaintiff's special services. The seventh item of the testator's will is in these words: "To Mr. John F. Riley, if living at the time of my decease, Sexton of said St. Mary's Church, for services faithfully rendered, I give and bequeath the sum of one thousand (1000) dollars." The plaintiff brought suit May 10, 1924, and the writ was served May 22, 1924. The executors on June 12, 1924, voluntarily made an unconditional payment of the legacy to the plaintiff of $950, which the plaintiff accepted June 18, 1924.

The defendants contend that the testator intended the legacy to be in full settlement of his indebtedness to the plaintiff and that the plaintiff's acceptance of the legacy was an election to take the legacy in full satisfaction of any claim he had against the testator. *Hyde* v. *Baldwin*, 17 Pick. 303,

308.   While this defence is not open under the answer, the record states that no question of pleading was raised at the hearing.   *Noyes* v. *Noyes,* 224 Mass. 125, 134.   See G. L. c. 231, § 31.   Lack of such defence in the answer, therefore, cannot be raised in this court.   *Oulighan* v. *Butler,* 189 Mass. 287, 289.

The intention of the testator is to be ascertained from the frame of the will in connection with all the circumstances when he made it.   *Aldrich* v. *Aldrich,* 172 Mass. 101.   The wording of the bequest indicates that the legacy was in recognition and appreciation of "services faithfully rendered" as "Sexton of said St. Mary's Church."   It was a gift, if the legatee were living at his death, wholly disconnected with the contract which the auditor has found, and the plaintiff's claim also was a "just debt" directed by the testator to be paid before the legatees received their respective legacies. We find no intention of the testator that the plaintiff, if living, should surrender his claim in exchange for the legacy, and the doctrine of election relied on by the defendants should not be applied.   *Lovering* v. *Balch,* 210 Mass. 105, 107.

The plaintiff accordingly is entitled to judgment for $2,650, with interest from the date of the writ.

*So ordered.*