## BURMON & BOLONSKY, Inc., v. LUCKEN-BACH S. S. CO., Inc.

### No. 4279.

District Court, D. Massachusetts.
March 20, 1930.

Nutter, McClennen & Fish, of Boston, Mass., for plaintiff.

Albert Gould and Blodgett, Jones, Burnham & Bingham, all of Boston, Mass., and Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, for defendant.

MORTON, District Judge.

Assuming the facts to be as stated at the argument and in the plaintiff's letter of March 15, 1930, at the time when the action was entered in the state court, the plaintiff's claim, exclusive of interest and costs, was $2,445. This amount appears to have been definitely ascertained before that time, and was the amount actually in controversy when the action was brought. It was not stated in the declaration. The ad damnum was $5,000, and was brought into the declaration as the sum claimed. Under the Massachusetts practice, however, the ad damnum is hardly more than a formality; it marks the limit of the plaintiff's recovery, but affords no indication of the actual claim. It is prima facie evidence of the amount in controversy, but is subject to be controlled by evidence as to the amount actually in controversy. It does not estop the plaintiff from showing the true facts as to the amount of the claim.

It is clear that, when the suit was entered in the state court, the plaintiff, not only had no reasonable expectation of recovering more than $3,000, but in fact was making no actual claim at that time to more than $2,445, exclusive of interest and costs. The state court, being bound by the terms of the statute, could not look beyond the face of the papers, and was obliged to send the case here, where the question of jurisdictional fact is to be determined. Since the case was entered here, the plaintiff has moved to reduce the ad damnum to $2,900, and has expressly disclaimed any claim in excess of the amount above stated.

On these facts I find and rule that this court has not jurisdiction of the action because the necessary jurisdictional amount was not and is not in controversy. The case is distinguishable from those in which the federal court had jurisdiction at the time of removal and was held not to have lost it because of a subsequent change in the facts or pleadings.

A similar question recently arose in this court in Frederick Nixon v. Town Taxi, Inc., 39 F.(2d) 618, and is decided in a memorandum of decision of even date herewith where the authorities are referred to. See, also, Lazensky v. Supreme Lodge, 32 F. 417 (C. C. N. Y.); Hughes & Co. v. Peper Company (C. C.) 126 F. 687; Mull v. Parrott Bros. Co. (D. C.) 218 F. 713; Fischer v. Star Company (D. C.) 227 F. 955, an interesting case on question of remand or dismissal. Contra, Hayward v. Nordberg Mfg. Co. (C. C. A.) 85 F. 4, apparently decided without Wetmore v. Rymer, 169 U. S. 115, 18 S. Ct. 293, 42 L. Ed. 682, having been called to the court's attention.

Motion allowed. Case remanded.