Robert L. Holder and Clark & Krings, all of Kansas City, Mo., for plaintiff.

Raymond E. Martin, of Kansas City, Mo., for defendant.

## OBLAK v. ARMOUR & CO. et al.

### No. 687.

District Court, W. D. Missouri, W. D.

March 3, 1941.

REEVES, District Judge.

This case was removed from a state court because of the averments in Count 2 of a complaint containing eight counts. It is admitted that a joint cause of action was stated against the nonresident and resident defendant on all of the other counts, but that the resident defendant was not properly joined as to Count 2.

An inspection of the petition shows this to be a fact. One A. E. Gregg was the agent for the corporate defendant in the acts or statements there complained against. The averments show that the resident defendant had nothing to do with the transaction involved in Count 2. The plaintiff therefore had no right to join him on that count.

The plaintiff was not entitled to recover anything as against the defendant Walker on that count, nor was there a pretense that he was a proper party in that alleged cause of action.

Rule 18 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that the plaintiff may join "as many claims either legal or equitable or both as he may have against an opposing party."

Rule 20 provides that " * * * all persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions * * *."

The resident defendant has quite properly denied any connection whatsoever with the matters alleged in Count 2 of the complaint.

1. It was within the right of the nonresident defendant to remove the entire cause of action because of the separable controversy involved in said Count 2. Since the removal, the plaintiff has dismissed as to Count 2. It would follow, therefore, that the court would have no jurisdiction unless by invocation of the rule applied in some cases to the effect that jurisdiction cannot be ousted by amendments. Such a rule would not apply in this case. Even in cases where the amount in controversy is within the jurisdiction of the court at removal, such amount may be reduced so as to compel a remand of the case if it appear that the amount was mistakenly or fraudulently stated. 54 C.J., p. 362, § 310; Burmon & Bolonsky, Inc., v. Luckenbach S. S. Co., D.C., 39 F.2d 619. The reason for the rule is that the plaintiff in such cases as a matter of law is prohibited from collecting an amount within the jurisdiction of the court.

2. The defendant challenges the right of dismissal because of a counterclaim interposed by it. This counterclaim is for a declaratory judgment. The authorities hold that this is not a proper counterclaim and should be dismissed.

It is true that in Leach v. Ross Heater & Mfg. Co., 2 Cir., 104 F.2d 88, by a divided court it was held that in a patent case a defendant might ask for a declaratory judgment. In a very capable dissenting opinion, Judge Hand referred to Meeker v. Baxter, 2 Cir., 83 F.2d 183, loc. cit. 187, where the same court specifically held: "When the parties as here have once locked horns and are demanding forcible sanctions, there is no longer room for judicial declarations separate from those which will be implicit or express in the final judgment or decree."

3. In this case it was within the right of the plaintiff to dismiss as to the resident defendant in the several counts of the petition; or it was within his right to dismiss the only count where the resident defendant was improperly joined. By exercising such right quite clearly the jurisdiction of this court no longer obtained and it therefore would become the duty of the court to remand the case. Such an order will be made.