LOUISE S. HOLLISTER *vs.* OLD COLONY TRUST COMPANY, executor.

Middlesex.   November 7, 8, 1951. — January 4, 1952.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Contract*, For personal service, Implied contract. *Election*. *Will*, Acceptance of benefit under will. *Devise and Legacy*, Whether benefaction or payment of debt. *Payment*.

Evidence that a stepdaughter over a period of twenty years drove an automobile and performed other personal services for her stepmother at the stepmother's request and in reliance upon her oral promises, unenforceable under the statute of frauds, to repay the stepdaughter in her will for such services, but that no provision in her will repaid the stepdaughter, warranted a verdict for the stepdaughter in an action against the stepmother's estate to recover upon a quantum meruit for the value of such services.

Acceptance by a stepdaughter of a legacy given her by her stepmother's will, which provided for the payment of the testatrix's "just debts" and did not disclose an intention of the testatrix that acceptance of the legacy should constitute an election by the stepdaughter to forego a claim against the testatrix's estate for the value of personal services rendered to her, was not necessarily inconsistent with such claim and did not constitute an election by the stepdaughter precluding her from maintaining an action against the estate to enforce it.

In an action by a stepdaughter against the executor of the will of her stepmother to recover the value of personal services rendered to the stepmother, exceptions by the defendant to the refusal of the trial judge to instruct the jury that a legacy to the plaintiff in the will satisfied the testatrix's obligation or was to be credited against it were overruled where the will did not indicate that the legacy was to be in payment of any obligation to the plaintiff and the judge left it to the jury to determine whether the testatrix intended the legacy as a gift or as payment for the services in whole or in part.

CONTRACT. Writ in the Superior Court dated April 27, 1949.

The action was tried before *O'Connell*, J.

*F. Juggins*, (*A. M. Lyon* & *R. R. Clark* with him,) for the defendant.

*H. A. Reynolds*, for the plaintiff.

SPALDING, J. This is an action of contract to recover for personal services rendered to the defendant's testatrix from 1928 until her death in 1948. The declaration contained three counts; in the first the plaintiff asked compensation for the fair value of her services; the second was on an account annexed; the third was waived at the trial. The defendant pleaded, among other things, payment, the statute of frauds, the statute of limitations, and that the plaintiff by accepting a legacy under the testatrix's will made a binding election which precluded recovery in this action. The plaintiff had a verdict. The case comes here on the defendant's exceptions to the denial of a motion for a directed verdict, to the refusal to give certain requests for instructions, and to the denial of a motion for a new trial.

The following facts could have been found: Prior to 1928 the plaintiff was living with her father, a widower, in Melrose. Early in 1928 her father married the testatrix, and the plaintiff went to live with them in Brookline. At that time the testatrix owned an automobile and employed a chauffeur to drive it for her. In June, 1928, before the plaintiff, her father, and the testatrix departed on a European voyage, the testatrix said to the plaintiff, "Louise, I want you to drive for me, and if you will, I will let Frank [the chauffeur] go and in my will I will repay you for everything you do for me." The plaintiff agreed, and after their return from Europe the plaintiff "did all the driving from then on," and she did this in reliance on the testatrix's promise to pay for it. Down to the time of the death of the plaintiff's father in 1932 the plaintiff drove for the testatrix two or three times a week.

Sometime in July, 1931, the testatrix asked the plaintiff to forego a trip to the west coast as she (the testatrix) was

expecting a visitor and wanted the plaintiff to remain and drive the automobile. Upon the plaintiff's assent to this request the testatrix said, "Well, Louise, I am going to repay you for everything you have done for me in my will and you will then be able to take all the trips you want to the west coast or anywhere else."

In March, 1932, the plaintiff married one Hollister. Before the marriage the testatrix said to the plaintiff, "if you get married, I want you to live near me so that I can call on you at any time if I am sick and I want you to keep on driving for me just as you have. You know I promised Daddy that I would repay you for everything you did for me in my will."

From 1932 to 1938 the plaintiff and her husband lived in Brookline in order to be near the testatrix. Down to 1936 the plaintiff took the testatrix out to ride at least twice a week. Thereafter she drove for the testatrix "almost every day." When the testatrix was alone the plaintiff would come and stay with her. During this period the testatrix assured the plaintiff that she would be compensated for· her services.

In 1938 the plaintiff moved to Albany, New York, where her husband had been offered a better position. Although approving of this arrangement, the testatrix requested the plaintiff to promise to come to see her when needed and to drive for her, saying, "You know, in asking these things I intend to repay you, as I promised your father, in my will." The plaintiff promised to come to see the testatrix whenever needed. During the period from 1938 to February, 1948, the plaintiff visited the testatrix on numerous occasions (forty-five or fifty in all) and performed various services for her. On one occasion the testatrix spoke of changing her will because she had not "taken care" of the plaintiff as she intended.

The plaintiff testified that her services during the period from 1928 to 1948 were performed for the testatrix in reliance on the latter's promise to pay for them in her will. During this period the plaintiff was partially reimbursed

for her expenses, and the testatrix paid $10 a month toward the plaintiff's rent while she was residing with her husband in Brookline. At various times sums of money varying from $5 to $200 were paid by the testatrix to the plaintiff. These sums, according to the plaintiff's testimony, were gifts. The testatrix died on August 23, 1948, leaving a will in which she bequeathed $5,000 to the plaintiff and a similar amount to her husband. Both legacies have been paid.

1. The defendant's motion for a directed verdict was rightly denied. There was ample evidence to warrant a finding that the testatrix requested the plaintiff to perform services and promised to compensate her for them by a provision in her will, and that relying on this promise the plaintiff performed the services requested. Such a promise, being oral, would not be enforceable under the statute of frauds (G. L. [Ter. Ed.] c. 259, § 5), but the plaintiff, nevertheless, could recover under quantum meruit for the fair value of her services. *Dixon* v. *Lamson*, 242 Mass. 129, 137. *Rizzo* v. *Cunningham*, 303 Mass. 16, 23. *Stoney* v. *Soar*, 322 Mass. 408, 411. The promise relied on here went beyond a mere expression of an intention that never ripened into a contract and distinguishes the present case from *Hurl* v. *Merriam*, 252 Mass. 411, cited by the defendant.

The defendant argues that by electing to accept the legacy of $5,000 under the testatrix's will the plaintiff is precluded from proceeding against the estate in this action. The defendant invokes the principle set forth in *Hyde* v. *Baldwin*, 17 Pick. 303, 308, that a person "shall not take any beneficial interest under a will, and at the same time set up any right or claim of his own, even if otherwise legal and well founded, which shall defeat, or in any way prevent the full effect and operation of every part of the will." Other cases recognizing or applying this principle are *Noyes* v. *Noyes*, 233 Mass. 55, *Rudd* v. *Searles*, 262 Mass. 490, 492, *Knapp* v. *Meehan*, 287 Mass. 573, 576, *Thurlow* v. *Thurlow*, 317 Mass. 126, 127–128, and cases cited, and *Fiduciary Trust Co.* v. *Mishou*, 321 Mass. 615, 628–629. The reason for the rule is that there is an inconsistency in a

person's receiving benefits under one provision of a will and at the same time taking a position that will defeat another portion of the same instrument. It has been said that the doctrine "depends not upon technical rules, but upon principles of equity and justice, and upon actual intention." *Watson* v. *Watson*, 128 Mass. 152, 155. But that principle has no application here. The acceptance of the legacy by the plaintiff was not necessarily inconsistent with her claim for services against the estate. It cannot be said that the claim operated to defeat the will, although it would, if successful, diminish the amount received by the residuary legatees. *Stoney* v. *Soar*, 322 Mass. 408, 413. We see no basis for saying that the testatrix, who in the first paragraph of her will provided for the payment of her "just debts," intended that the plaintiff's acceptance of the legacy under other provisions of her will was to be treated as an election to forego the right to press a claim for services against the estate. See *Riley* v. *Flanagan*, 264 Mass. 13, 15. We have been referred to no case — and we have found none — in which the doctrine of election has been applied in like circumstances.

What has been said above disposes of the questions sought to be raised by the defendant's requests numbered 1, 2 and 3. We might add that these requests have no standing since in effect they attempted to perform the office of a motion for a directed verdict. Rule 71 of the Superior Court (1932). *Carp* v. *Kaplan*, 251 Mass. 225. *Meldon* v. *Grubliauskas*, 317 Mass. 70, 71.

2. The defendant's exceptions to the refusal to grant its fourth and fifth requests must be overruled. The defendant's fourth request asked for an instruction that the bequest of $5,000 to the plaintiff satisfied the testatrix's obligation to the plaintiff. The fifth request was to the effect that this legacy was to be credited against this obligation. The judge left it to the jury to determine whether the testatrix intended the legacy as a gift or as payment in whole or in part for the plaintiff's services; if it was the former they were to disregard it; if it was the latter they

were to apply it against the amount that they determined was due. These instructions were sufficiently favorable to the defendant. The will did not indicate that the legacy to the plaintiff was to be in payment of any obligation or indebtedness to her. "It is the general rule in this Commonwealth that where there is no statement in the will that the legacy is in payment of a debt in whole or in part, the testamentary gift is to be regarded as a benefaction and not as payment of the debt." *Rizzo* v. *Cunningham*, 303 Mass. 16, 27–28. *Stoney* v. *Soar*, 322 Mass. 408, 412–413.

3. The defendant's exception with respect to its seventh request reveals no error. The judge in effect granted this request by instructing the jury that if the agreement was between the plaintiff's father and the testatrix for the plaintiff's benefit the plaintiff could not recover.

The defendant's exception to the refusal to grant its sixth request has not been argued and is treated as waived. *Davis Brothers Fisheries Co. Inc.* v. *Pimentel*, 322 Mass. 499, 511. Other questions argued by the defendant but not discussed in this opinion have not been overlooked. We find nothing in them that requires discussion.

*Exceptions overruled.*