*Southern District*

## MARY JONES
### v.
## HENRY C. GILL, ADMINISTRATOR

*Sgarzi, J.* In this action of contract the plaintiff seeks to recover for *personal services* rendered by her to the defendant's intestate. The declaration alleges that the plaintiff performed the services of housekeeper, companion and nurse from April 1, 1949 to March 22, 1952 the date of the death of the defendant's intestate, at his request and upon his promise that he "would pay her for her services by leaving his house to her upon his decease." It further alleges

that the defendant's intestate died failing to leave his house to her as agreed, that she has faithfully performed all that she was required to do under the contract and that she now seeks to recover "the fair value of the services so rendered by her to the defendant's intestate."

The defendant's answer is a general denial, allegation of payment and further sets up the Statute of Frauds as a special defense.

There was evidence that the intestate, one Clayton Scott owned a cottage at Mattapoisett which was occupied by the plaintiff in 1941 and 1942 during which time the plaintiff sustained an injury and was supported by the intestate for a period of about seven months. In 1945 or 1946 the plaintiff went to Baltimore where she remained until 1949 when she returned at the request of the intestate. She remained with him until he died on March 22, 1952. She performed the usual household duties of cooking, cleaning and laundry. When Scott became bedridden in August 1951 she gave up her job to care for him and nurse him as directed by his physician.

There was further evidence that Scott told the plaintiff that if she was good to him and stayed with him she would always have a home; that she performed her services in the expectation that Scott would leave the house to her; that she received no compensation of any kind during the time she cared for him and that he died without leaving her anything.

There was also other evidence which tended to show that Scott intended to leave his property to another, that the plaintiff knew of this intention and that Scott had stated to others in the presence of the plaintiff that he did not owe her anything.

The defendant made the following requests for rulings, the second of which was allowed and the remainder denied as not in accordance with the facts found.

1. The alleged contract is not in writing and is, therefor, not enforceable.

2. Recovery in quantum meruit is based upon an implied promise to pay for services and the plaintiff having declared upon an express contract, cannot recover on an implied contract.

3. The defendant is entitled to a finding that upon all the credible evidence the intestate, Clayton Scott, had fully performed any obligation due to the plaintiff, wherefor she cannot recover on a special contract or on a quantum meruit.

4. Upon all the credible evidence the defendant is entitled to a finding that the intestate, Clayton W. Scott, never made or intended to make any agreement, either express or implied, with the plaintiff to compensate her for services, wherefor she cannot recover in this action.

The judge made findings of fact, amply supported by the evidence and concluded with the statement "I find that the plaintiff rendered the services as declared by her in her declaration and that because of Scott's promise she was led to believe that if these services were rendered she would be compensated therefor. I find that the fair value of compensation for the services rendered by the plaintiff to Scott is $1,000.00 and I find for the plaintiff in that amount."

The defendant claims to be aggrieved by the denial of his requests 1, 3 and 4 and by the application of his 2nd requested ruling to the facts.

The 1st request was properly denied. There is no doubt that a promise to devise property in consideration of services rendered is within the Statute of Frauds (General Laws Chapter 259 Section 5) and cannot be enforced unless in writing, but the plaintiff can however, recover for the fair value of her services under quantum meruit. In the case of *Hollister v. Old Colony Trust Co.*, 328 Mass. 225 the Court said "There was ample evidence to warrant a finding that the testatrix requested the plaintiff to perform services and promised to compensate her for them by a provision in her will, and relying on his promise the plaintiff performed the services requested. Such a promise being oral, would not be enforceable under

the statute of frauds, but the plaintiff nevertheless could recover under quantum meruit for the fair value of her services." *Dixon v. Lamson*, 242 Mass. 129; *Rizzo v. Cunningham*, 303 Mass. 16; *Stoney v. Soar*, 322 Mass. 408; *Turner v. White*, 329 Mass. 549.

The defendant was not prejudiced in the denial of this request since the court based its finding upon quantum meruit.

The Court allowed the 2nd request as a correct statement of law. The allowance of this request did not imply that the court based its finding on an express contract. The finding was very clearly based upon quantum meruit and was well within the scope of the declaration. If the defendant felt that there was any inconsistency between the judge's ruling on this request and his finding for the plaintiff this contention should have been pressed either by motion to the trial judge to correct the error or by motion for new hearing. *Biggs v. Densmore*, 323 Mass. 106.

There was no prejudicial error in the denial of requests No. 3 and 4 since they are requests for findings of fact and are inconsistent with the facts found. *Report Dismissed.*