Jeanne E. Jones *vs.* Mildred B. Spering, executrix.

Middlesex.    April 6, 13, 1956. — July 23, 1956.

Present: Qua, C.J., Wilkins, Williams, Counihan, & Whittemore, JJ.

*Practice, Civil,* Exceptions: whether error harmful; Ordering verdict. *Error,* Whether error harmful. *Contract,* For personal service, Implied contract. *Evidence,* Relevancy and materiality, Failure to produce witness.

If one of the counts in the declaration in an action against a decedent's personal representative was for breach of an oral contract made by the plaintiff with the decedent whereby the decedent promised to will all her property to the plaintiff in return for services to be rendered by the plaintiff, a failure to order a verdict for the defendant on that count was not prejudicial to the defendant where the judge instructed the jury that there could be no recovery on such a contract and it appeared from the course of the trial, other instructions, and the amount of a general verdict for the plaintiff that the verdict was based on a count on a quantum meruit for the value of services rendered. [460]

Evidence in an action against a decedent's personal representative that the plaintiff went to live with the decedent and took care of her for several years until her death in reliance on her oral promise, unenforceable under the statute of frauds, to will all her property to the plaintiff if the plaintiff should do so, but that she did not fulfill her promise, warranted recovery by the plaintiff upon a quantum meruit for the value of such services. [460]

In an action against a decedent's personal representative for the value of services rendered to the decedent by the plaintiff, the improper admission of evidence to the effect that the plaintiff suffered a nervous breakdown as a result of the services was not prejudicial to the defendant in view of certain instructions given to the jury. [460–461]

On the record, no error appeared in the exclusion of certain evidence offered by a defendant in an attempt to show a failure by the plaintiff to produce an available witness. [461]

Contract.    Writ in the Superior Court dated June 11, 1954.

The action was tried before *Beaudreau, J.*

*David D. Leahy,* for the defendant.

*Charles J. Wilkins,* for the plaintiff.

WHITTEMORE, J. The plaintiff had a general verdict of $18,698.40 including interest in an action for services rendered the defendant's testatrix. The defendant excepted to the refusal to direct a verdict "on both counts" of the declaration, to the admission of certain testimony of the plaintiff, and to the exclusion from evidence of the plaintiff's motion to advance for speedy trial offered by the defendant as part of an attempt to show that the plaintiff was withholding an available witness. There was no prejudicial error.

The plaintiff's testimony taken most favorably to her was in substance as follows: The defendant's testatrix in 1946 asked the plaintiff to give up her home and business and to come with her husband and live with the defendant's testatrix and take care of her, and promised, if the plaintiff would do so, to "give you everything I have in my will. Naturally you have to earn it . . ." supplemented by the words, among others, "do you think a hundred thousand dollars is not enough." The plaintiff replied, after having earlier pointed out various objections from her point of view, "well, if you do that, but you are sure, I am going (to accept)." The plaintiff did as requested and was in constant attendance from March, 1946, until the death of the defendant's testatrix in October, 1953, and the defendant's testatrix made some provision for her in her will but did not leave the plaintiff everything she had.

The declaration was in two counts. The first count, after stating that the defendant's testatrix promised to compensate the plaintiff by a provision in her will, averred that ". . . relying on said promises, the plaintiff did perform said services . . . [and] that the defendant is obliged to pay the plaintiff the sum of one hundred thousand . . . dollars for such services . . . ." The second count declared for "one hundred thousand . . . dollars, being a fair and reasonable value for services rendered . . . ." The plaintiff testified that the fair value of her services was $5,000 to $6,000 per year.

The judge instructed in part that, as to the promise to

give by will, "if that was all there was to this case, I would have to tell you that that would be unenforceable" because not in writing,[1] but that additionally the plaintiff claimed that she performed the services as a result of the contract and therefore ought to be paid and that if they believed that "she did render these services at the request of the deceased, then you come to the question of what was a fair value of those services . . . and it is for you to say what was fair."

The first count was ambiguously worded. It could be understood to mean that the defendant was "obliged to pay . . . the sum of one hundred thousand . . . dollars" either because of a contract so to do, or because that sum was the fair value of the services performed. *Hollister* v. *Old Colony Trust Co.* 328 Mass. 225. But even if it is to be taken only as a count on the contract, no error appears in the failure to direct a verdict. The judge correctly instructed the jury that the contract would be unenforceable, and the fair implication of what he said was that if that was all there was to this case there could be no recovery. The case was tried and the instructions given and the verdict awarded, as suggested by the amount, as was appropriate for a "fair value of services" case. *Erickson* v. *Buckley*, 230 Mass. 467, 470. *Gifford* v. *Eastman*, 251 Mass. 520. *Whalen* v. *Shivek*, 326 Mass. 142, 155. Compare *Kelly* v. *Citizens Finance Co. of Lowell, Inc.* 306 Mass. 531, 534.

There was no basis for taking the case from the jury on the second count. There was evidence of the performance of service in reliance on a contract. *Rizzo* v. *Cunningham*, 303 Mass. 16, 23, 27. *Stoney* v. *Soar*, 322 Mass. 408, 411. *Hollister* v. *Old Colony Trust Co.* 328 Mass. 225, 228. *Turner* v. *White*, 329 Mass. 549, 552.

The defendant duly objected to the question, "Did this constant attendance by you on Mrs. Soule over this twenty-four hour period over a period of years eventually result in

---

[1] The defendant pleaded the statute of frauds respecting "the alleged promise to compensate the plaintiff by a provision in the will of the testatrix." — RE-PORTER.

your (nervous) breakdown?" The plaintiff answered "that
she did suffer a nervous breakdown and spent a month at
the New England Sanitarium." The question was objec-
tionable, should not have been asked, and should have been
excluded. It was leading, called for a medical opinion
(*Commonwealth* v. *White*, 329 Mass. 51, 53–54), and brought
into the case an irrelevant fact, which could create sympathy
for the plaintiff and hence be prejudicial. The judge, how-
ever, instructed in the charge, "The plaintiff would not be
entitled to have you consider any recovery for any impair-
ment of her health. She doesn't ask that. She asks to be
paid for the services that she rendered." This in effect in-
structed the jury to disregard this evidence, except as it
may have borne on the amount and character of the work
performed.

The argument of prejudice assumes the jury paid atten-
tion to irrelevant matters, notwithstanding the instruction.
That possibility exists, but it is no greater than the possi-
bility that they would pay attention to the fact stated by
counsel in the leading question, equally as much or more so
if the answer were excluded as if admitted. The amount of
the verdict does not suggest an emotional response by the
jury. An immediate instruction to the jury would be best
calculated to overcome the possibility of prejudice from the
question. But such matters must be left to the discretion
of the judge. There was no reversible error.

The plaintiff had moved for a speedy trial on two grounds,
one of which was that one of her important witnesses was
leaving for California. When the judge excluded this mo-
tion from the evidence, the defendant offered to prove "that
the witness . . . was not going to be produced, and the de-
fendant did not know the identity of this witness, so that
an inference could be drawn against the plaintiff for her
failure to produce this witness." This offer did not support
the admission of the evidence. It did not appear that the
witness had not left for California, or that the plaintiff could
have produced her, or that the plaintiff knew that her testi-
mony would be unfavorable. *McKim* v. *Foley*, 170 Mass.

426, 428. *Fitzpatrick* v. *Boston Elevated Railway*, 223 Mass. 475, 477. *Orr Felt & Blanket Co.* v. *Sherwin Wool Co.* 248 Mass. 553, 559. *Heina* v. *Broadway Fruit Market, Inc.* 304 Mass. 608, 611. *McGeorge* v. *Grand Realty Trust, Inc.* 316 Mass. 373, 377–378.

*Exceptions overruled.*