LAURA L. MANEY, executrix, & others *vs.*
WILLIAM J. MANEY, administrator.

Suffolk.   December 9, 1959. — February 5, 1960.

Present: WILKINS, C.J., SPALDING, COUNIHAN, WHITTEMORE, &
CUTTER, JJ.

*Will,* Acceptance of benefit under will. *Devise and Legacy,* Whether
benefaction or payment of debt. *Election. Evidence,* Admissions and
confessions.

Assertions of the amount of an unliquidated claim for services against a
decedent's estate made in a notice of claim filed in the Probate Court,
by the ad damnum and in the declaration in an action by the claimant
against the estate for the services, and in an allegation in the bill,
admitted in the answer, in a subsequent suit in equity by the executrix
of the estate against the claimant's administrator based on the theory
that the claim, if valid, would "wipe out" the debtor's estate did not
bind the claimant's administrator so as to prevent him from establishing in the suit in equity that the true value of the claim was much
smaller than the amount so asserted.   [352–353]
A general claim for services against a testator's estate by one given a
legacy under the will was not shown to be in such an amount as would,
if the claim were valid, "wipe out the estate" and "necessarily thwart

the working of the will" as contended by the executrix, nor did the claim otherwise appear to be inconsistent with anything in the will, and acceptance of the legacy by the claimant did not constitute an election precluding him from prosecuting his claim. [353–354]

A small legacy to a brother of the testator in a will directing payment of the testator's "just debts" appeared to be a benefaction to the brother and not given in satisfaction of a claim by him in a substantial amount for services rendered to the testator. [353]

BILL IN EQUITY, filed in the Superior Court on September 26, 1956.

The plaintiff appealed from a final decree dismissing the bill entered after hearing by *Nagle, J.*

*George A. McLaughlin,* (*Arthur M. Gilman* with him,) for the plaintiff.

*Timothy J. McInerney,* (*Lovell S. Spaulding, Jr.,* with him,) for the defendant.

CUTTER, J. This is a bill in equity by Mrs. Maney, executrix of the will of her husband, Clement, and by C. J. Maney Co., Inc. (the corporation), all the shares of which were owned by Clement at his death, against William J. Maney, administrator of the estate of Louis, a brother of Clement. Mrs. Maney intervened as a party plaintiff. Clement died on January 7, 1954. By his will he left $2,500 to Louis. This sum was paid to Louis. The final payment was made in March, 1955, about eleven months prior to Louis's death and about two months after Louis had filed, on January 12 and 17, 1955, in the Probate Court notices of a claim against Clement's estate. On this claim, Louis, now represented by his administrator, brought an action by writ dated January 10, 1955, with an ad damnum of $5,000,000, against the present plaintiffs, Mrs. Maney as Clement's executrix and the corporation, for "aid, counsel, advice, and assistance" furnished. The present bill was brought to enjoin the prosecution of the action and the claim on the ground that Louis, by taking the $2,500 legacy under Clement's will, elected to receive the benefits of the legacy rather than to prosecute his action and claim. The bill proceeds on the theory that the claim "if valid . . . will completely wipe out the estate of Clement . . . because the

value of the services alleged is greater than . . . the assets in" the estate, that "the prosecution of the action . . . against the . . . executrix would necessarily thwart the working of the will," and that Louis's administrator by Louis's "election . . . is precluded from enforcing any action that would defeat the operation of . . . [the] will."

Clement's will and the declaration in the action at law brought by Louis were incorporated by reference by the judge in his findings. He also found, in addition to the facts already stated, that the value of Clement's estate was $1,476,064.20 and that counsel for Louis's administrator stated in open court at the trial that the claim of Louis's estate in the action at law under the only remaining counts (counts 1 and 2) against Clement's executrix, in quantum meruit for services, was for $241,000. He concluded that the legacy of $2,500 was "a benefaction and . . . not in payment of any debt" and that the "acceptance of the bequest . . . [was] not inconsistent with . . . [Louis's] claim for services . . . . It cannot be said on the record . . . that the claim . . . would . . . defeat the . . . will, although it would . . . diminish the amount received by the executrix in her individual capacity as a legatee . . . ." By the final decree the bill was dismissed. Clement's executrix and the corporation have appealed.

1. Clement's executrix and the corporation contend that Louis's administrator is bound by the allegations or admissions in the declaration in the law action, in the pleadings in the present case, and in the notices of claim filed in the Probate Court stating that the value of Louis's claim for services was $5,000,000. The trial judge was not bound to find that the claim came to this amount, merely because this sum was named as the recoverable damages in the writ, or in a count of a declaration, or in the answer. It is common knowledge that the amounts of unliquidated damages mentioned in writs and declarations are usually purely "formal allegations by an attorney [which] may be presumed to have been made without special instructions from his client." See *Clarke* v. *Taylor*, 269 Mass. 335, 336–337; *Jennings* v.

*Bragdon,* 289 Mass. 595, 598; *Burmon & Bolonsky, Inc.* v.
*Luckenbach S. S. Co. Inc.* 39 F. 2d 619 (D. Mass.). See also
*Johnson* v. *Russell,* 144 Mass. 409, 411; *Hobart* v. *O'Brien,*
243 F. 2d 735, 744 (1st Cir.); Annotation, 63 A. L. R. 2d
412, 427. Such allegations of damages have little or no
value as an admission or assertion by the person making
them except, perhaps, where, because they limit the claim
to an amount less than the sum which might reasonably be
claimed, they may show a low appraisal by the claimant of
the value of his claim. Similar considerations apply to the
notices of claim filed in the Probate Court under G. L.
c. 197, § 9, as amended. These are merely notices of the
maximum amount claimed and of the bringing of the action.
We treat the assertions and admissions of an ad damnum of
$5,000,000 as relating only to a purely formal statement of a
maximum claim and as not binding upon Louis or his ad-
ministrator as establishing the true value of, and recovery
upon, the claim, for purposes of this proceeding. It has not
been established that the claim, even if successful, will ex-
haust the estate.

2. Upon this record, Louis's claim for services is not shown
to be inconsistent with his receipt of a small legacy and thus
the doctrine of election has no application. As was the case
in *Hollister* v. *Old Colony Trust Co.* 328 Mass. 225, 229,
Clement's will directed that his "just debts . . . be paid"
and there is no indication in the legacy itself that Clement
intended it to be received by Louis in satisfaction of his
claim or as anything other than an unconditional benefac-
tion. Article fourteenth of the will provided that if "any
legatee . . . shall contest the admission of this will to pro-
bate, then . . . such legatee shall forfeit the legacy herein."
No article of the will makes any similar provision with re-
spect to the assertion of claims against the estate by credi-
tors, who are also legatees. The counts still remaining in
Louis's declaration in the action at law seek only to recover
unliquidated damages for breach of a contract and for serv-
ices on a quantum meruit basis. These are claims of a
general creditor.

As in the *Hollister* case (see p. 229) we "see no basis for saying that the . . . [testator] intended that . . . [Louis's] acceptance of the legacy . . . was to be treated as an election to forego the right to press a [creditor's] claim for services against the estate." See *Riley* v. *Flanagan*, 264 Mass. 13, 15; *Stoney* v. *Soar*, 322 Mass. 408, 412–413; *Turner* v. *White*, 329 Mass. 549, 554. The doctrine of *Hyde* v. *Baldwin*, 17 Pick. 303, 308, is not to be extended to cases where there is no evidence of the testator's intention to require an election by the legatee and where the claim asserted is no more than a general claim against the testator's estate not specifically inconsistent with any particular provision of the will. See *Fiduciary Trust Co.* v. *Mishou*, 321 Mass. 615, 628–629, in which there is discussion of the great weight to be given to the intention of the testator in this respect. *Noyes* v. *Noyes*, 224 Mass. 125, 133–134, and the related case in 233 Mass. 55, 60–61, dealt with the conflict between an alleged contract by a testator to devise property and a will which did not make that devise. Even if the doctrine of election can be said to have been applied properly to the beneficiary of that alleged contract, who received gifts under the will, those cases do not require application of the principle of election in this different situation. No specific repugnancy between Louis's claim and the will is here shown comparable to that discussed in the second *Noyes* case (at pp. 60–61), and in *Thurlow* v. *Thurlow*, 317 Mass. 126, 128–130, also distinguishable.

3. The final decree is affirmed. The defendant is to have costs of this appeal.

*So ordered.*