*Southern District*

No. R 1044

HERMAN L. HEIL

v.

JOHN J. McCANN,
EXECUTOR UNDER THE
WILL OF DELIA KING

Argued: July 28, 1970 - Decided: Aug. 31, 1970

*Present:* Nash, C.J., Owen, Murphy, J.J.

Case tried to *Colten, J.,* in the Municipal Court of the West Roxbury District No. R 1044.

*Murphy, J.* This is an action of contract commenced by writ dated August 1, 1967. *Count one* alleges that on or about January, 1954 the defendant's testate requested the plaintiff to perform services for her and promised to make provision for him in her will, that he did perform services for her, that she repeated her promise to make provision for him in her will, that the contract is unenforceable and that the plaintiff, therefore, asks for reasonable compensation for this service. *Count two* alleges that the plaintiff was requested by the defendant's testate in 1954 to perform the services of board, room, laundry, care and transportation, and in 1965 to perform additional nursing services, that he performed the services and has not been paid. *Count three* is on an account annexed for services, transportation, board, laundry and nursing care.

The defendant removed the case to the Superior Court and filed an answer therein of general denial, of payment and of the Statute of Frauds. The case was subsequently remanded to the District Court. Before the trial a suggestion of the death of the plaintiff was filed and his administrator, Walter W. Heil of Attleboro, appeared to prosecute the action as plaintiff.

The court found for the plaintiff in the sum of $4,000 *on Count one* with interest from the

date of the finding and found for the defendant on counts two and three.

At the close of the evidence the defendant filed fifteen requests for rulings, which we do not deem necessary to set out in detail in view of our opinion.

The judge made the following findings:

"Delia King had lived with plaintiff from about January 1954 to about 1965. Miss King became a full time boarder upon her retirement in 1957 at which time she promised to take care of the plaintiff in her will. She lived with the plaintiff as a member of the family and the plaintiff's wife would clean the deceased's bedroom, wash her clothes, prepare the meals and when ill would take care of her. In 1965, when the defendant was then in her eighties needed nursing home care, her nephew was so informed. He then took her to his home for two or three days and put her in a nursing home. In all the years the the (sic) defendant lived with the plaintiff, the defendant's nieces and nephews had very little to do with her. The nephew, however, would take her to the bank to deposit dividend checks.

"I find as a fact that in consideration of the services rendered the defendant she promised to make provisions for the plaintiff in her will. I find as a fact that the plaintiff relied on the promise of the defendant that she would compensate him by making a provision for him in her will. I further find as a fact that the money

received by the plaintiff from the nephew was nominal for the services rendered."

The report states that it contains all the evidence material to the questions reported. The defendant claiming to be aggrieved by the refusal of the judge to give rulings Nos. 1, 4, 10, 11, 12 and 13 and by the finding for the plaintiff on count one, hereby reports the same to the Appellate Division for determination.

The reported evidence concerning the support and services rendered by the plaintiff is at the very best, meager, and is not sufficient, in our judgment, to support a finding for the plaintiff. *Hurl* v. *Merriam,* 252 Mass. 411, 414.

The only witness for the plaintiff at the trial was Walter W. Heil, son of the plaintiff who was prosecuting this case as administrator of his father's estate. The only pertinent evidence he gave was that "his father told him that Delia King said she would take care of them in her will and in 1965 his father told him that Mr. McCann (a nephew) had promised to pay the father an additional $40 a month and that she had never said anything to him about any compensation for services."

The only other evidence on this point was interrogatory 5 (d) by defendant to plaintiff and plaintiff's answer thereto as follows:

"Q. If you had any conversation with the defendant's testate concerning your services or payment for your services, please state in detail what was the substance of what was said by each person present."

"A. She told us that she would make it up to us by taking good care of us in her will."

In answers to other interrogatories, the evidence disclosed that from 1954 to 1957 the defendant's testate paid $20 per month, from 1958 to 1962, $28 per month and from 1963 to 1965, $38 per month, all for rent of a room in the house.

In March, 1965 Mr. John McCann, a nephew, at the request of the plaintiff, paid an additional $40 a month for February, March and April, he paid another $80 for May and June, 1965 and again paid an additional $240 for July, August, September, October, November and December, 1965, all for room and board. There never was any other request for more money, and when defendant's testate became ill in December, 1965, the nephew, at the request of the plaintiff moved her to a nursing home. The plaintiff is now claiming for services $25 a week from January, 1954 to December, 1964 and $100 a week from January, 1955 to December, 1965.

This reported evidence is not sufficient to impose an obligation upon the defendant's testate in our opinion. *Hurl* v. *Merriam,* 252 Mass. 411, 414, where the court said in part:

"To support a finding for the plaintiff under the second count, (which was a count for labor performed and services rendered to the intestate) there must be evidence of an implied or of an express contract to pay to the plaintiff a sum beyond what had

been paid him. There of course was no evidence of an implied contract. The only evidence which the plaintiff contends shows an express contract was to the effect that the defendant's intestate said he was going to deed his property to the plaintiff. But there in nothing to show that the plaintiff and the intestate entered into a contract, by which the intestate agreed to convey his property to the plaintiff. At most the statements of Carey were mere expressions of his intention and his appreciation of the services rendered by the plaintiff. But there was no promise to make this conveyance in consideration of the plaintiff's agreement to care for him and to provide him food and lodging; and the plaintiff made no promise to care for him and to give him a home while he lived.

"As to the nursing of the defendant's intestate, there was no evidence to show either an express or an implied contract to pay therefor beyond the weekly amount which, it is agreed, was paid. It follows that the defendant's motion for a directed verdict should have been allowed."

See *Nobile Cassell* v. *Anthony Traverso,* 340 Mass. 786.

In the case before us, the reported evidence of any "promise" or "contract" is far less than the evidence contained in the *Merriam* case where the court directed a finding for the

defendant. The facts here are quite similar, and we have no alternative but to follow that rule.

The defendant's request No. 1, "On the pleadings, the evidence, and the law, a finding for the plaintiff is not warranted," should have been allowed.

This is tantamount to a request that a finding for the defendant is required, based on the law set forth in *Hurl* v. *Merriam,* cited, supra, and we agree. It was prejudicial error to deny this request.

**The finding for the plaintiff is reversed and a finding for the defendant should be ordered.**
MORRIS MICHELSON

for the defendant.

There was no argument on brief filed by the plaintiff.

See: 11 LEGALITE 346.

*Draper* v. *Turner,* 339 Mass. — (P) (Son recovered); *Mason* v. *Black,* 341 Mass. 347 (Niece recovered); *Parady* v. *Lewis,* 334 Mass. 800 (P); *Jones* v. *Spering,* 334 Mass. 458 (P); *Sykes* v. *Smith,* 333 Mass. 560, 564 (D) (Presumed that services were gratuitous); *Turner* v. *White,* 329 Mass. 549; *Hollister* v. *Old Colony Tr. Co.,* 328 Mass. 225, 228 (P); *Stoney* v. *Storr,*

322 Mass. 408; *Rizzo* v. *Cunningham*, 303 Mass. 16 (Promise to provide by will. Pl. recovered); *Tower* v. *Jenney*, 279 Mass. 208, 211 (Services presumed to be gratuitous); *Dixon* v. *Lamson*, 242 Mass. 129, 137; *In re Estate of McWain,*—— Ill. App. ——, 222 NE 2d 576. (Cousin received fair compensation for 14 months services); *Runowicz* v. *Rock Island Bank Tr. Co.,* —— Ill. App. ——, 232 NE 2d 459. (Services of neighbor could be found not to be gratuitous).