LEWIS C. WRIGHT & another *vs.* TOWN OF RANDOLPH & another. March 30, 1960. Exceptions overruled. This is a petition for the assessment of damages under G. L. c. 79 for a taking of slightly more than fifteen acres of the petitioners' land. The case was tried to a jury who returned a verdict of $9,125. The case comes here on the petitioners' exceptions to (1) the denial of a motion to strike out the testimony of one Doody, a real estate expert called by the respondents, and (2) the denial of their motion for a new trial. Doody, whose qualifications were conceded, testified that he visited the property approximately a year prior to the taking and was of opinion that its value was $300 an acre. On cross-examination he admitted that he had failed to take into consideration "the best and highest use to which these premises could be put." At the conclusion of Doody's testimony, the petitioners moved to strike his entire testimony. The denial of this motion reveals no error. Such infirmities as there were in Doody's testimony might affect its weight but did not require as matter of law that the testimony be struck. The denial of the motion for a new trial, which was grounded on inadequacy of damages, likewise reveals no error. There is no basis in the record for the contention that the damages awarded were substantially below Doody's valuation; on the contrary they were approximately twice as much. But even if the petitioners' contention were correct we could not say that the judge abused his discretion in refusing to disturb the verdict. The petitioners' additional contention that the verdict was palpably a compromise verdict is without merit and requires no discussion. See *Simmons* v. *Fish,* 210 Mass. 563, 571–572.

*William J. Carr,* Town Counsel, (*Roderick M. Connelly, Jr.,* with him,) for the respondents.

*Edward T. Simoneau,* for the petitioners.

NOBILE CASSELL *vs.* ANTHONY TRAVERSO, executor. April 4, 1960. Exceptions overruled. This is an action of contract brought by the son-in-law of Ralph Traverso, late of Lawrence, who died on April 30, 1957, against the executor of his estate, to recover the value of services rendered to the testator in assisting him in the care and maintenance of his real estate. In two similar actions the plaintiffs are the daughters of the testator. In each case a verdict was directed for the defendant and the plaintiff excepted. The services were performed principally between 1916 and 1926 and, the plaintiff contends, in reliance on statements by the testator that his estate would be divided equally among his six children. These statements seem to have been general expressions of intent (*Hurl* v. *Merriam,* 252 Mass. 411, 414) and not part of any agreement to pay for the labor. See *Beckford* v. *Beckford,* 329 Mass. 389, 390. It could not be found that the failure of the testator to leave his property as the children had been led to expect amounted to a failure of consideration. *Dixon* v. *Lamson,* 242 Mass. 129, 137. Compare *Rizzo* v. *Cunningham,* 303 Mass. 16, 23; *Hollister* v. *Old Colony Trust Co.* 328 Mass. 225, 228.

*Thomas H. Collins,* for the plaintiffs.

*Alfred L. Daniels,* for the defendant.