EMILE NORMANDIN & another[1] *vs.* DONALD AHO (and a companion case[2]). October 28, 1970. In these actions of tort for damages arising from the alleged negligence of the defendant corporation and the individual defendant in the operation of a motor vehicle, the judge in the Superior Court after re-transfer of the cases from the District Court directed verdicts for the defendants. The findings in the District Court were for the defendants. Their introduction in evidence carried the prima facie consequences stated in *Lubell* v. *First Natl. Stores, Inc.* 342 Mass. 161, 165, and reiterated in *Fulton* v. *Gauthier*, 357 Mass. 116. Other evidence was introduced. None of it, however, tended to establish, among other necessary elements, the identity of the individual defendant as the operator of the vehicle or that the vehicle which was allegedly in contact with the plaintiffs was registered in the name of the corporate defendant as owner, or that the operator was acting as the agent or employee of the corporate defendant. Other infirmities in the plaintiffs' proof need not be discussed.

*Exceptions overruled.*

*Albert E. Valliere* for the plaintiffs.
*Paul L. Hinckley*, for the defendants, submitted a brief.

COMMONWEALTH *vs.* SPERO J. APOSTOLAKOS. October 28, 1970. The defendant was convicted on three indictments. Two charged armed robbery and one charged assault with a dangerous weapon. The indictments were tried with three others charging one Whalen, a codefendant, with similar offences. The trial was subject to G. L. c. 278, §§ 33A–33G. The sole questions brought here arise out of the defendant's first assignment of error which challenges two rulings on evidence. The rulings were made in these circumstances. There was evidence that would warrant a finding that a tire iron was used in connection with one of the robberies; that this iron was taken from the defendant's car by Whalen with the defendant's consent; that after the robbery Whalen threw the iron into a canal; and that eighteen days after the robbery in question two tire irons (one of which was L-shaped and was similar to that taken from the defendant's car by Whalen) were found in the canal. There was further evidence that the L-shaped iron was sent to the State police laboratory for analysis. Having testified to this fact, Officer Donoghue was asked (1) whether, of his own knowledge, any "hair follicles were lifted off" the tire iron, and (2) whether the paint residue found on the iron matched the paint on a car found near the scene of the robbery. Both questions were excluded. We lay to one side the fact that the record discloses that these rulings were excepted to only by counsel for Whalen. We assume, as the defendant suggests, that Whalen's counsel was acting for both defendants. Nevertheless, we are satisfied that there was no error. The extent of cross-examination rests largely in the discretion of the trial judge. *Commonwealth* v. *Beal*, 314 Mass. 210, 229. The exclusion of this evidence reveals no abuse of discretion. We have examined the entire record and are satisfied that the challenged rulings were not prejudicial to the rights of the defendant.

*Judgments affirmed.*

The case was submitted on briefs.
*Reuben Goodman & Stephen Axelrad* for the defendant.
*Terence M. Troyer*, Legal Assistant to the District Attorney, for the Commonwealth.

---

[1] Phyllis Normandin.

[2] The companion case is by the same plaintiffs against Wachusett Fuel, Inc.