ROBERT MCCARTHY *vs.* RICHARD J. ADAMONIS.

Suffolk.   April 9, 1971. — May 3, 1971.

Present: TAURO, C.J., SPIEGEL, REARDON, QUIRICO, & BRAUCHER, JJ.

*Practice, Civil,* Action transferred to District Court. *Evidence,* Prima facie evidence.

Following a transfer of an action to a Municipal Court under G. L. c. 231, § 102C, and a finding in that court for the defendant, a retransfer of the action to the Superior Court and a declaration of a mistrial after the return of the jury verdict, it was reversible error under § 102C at a second jury trial in the Superior Court to exclude the finding of the Municipal Court.

TORT. Writ in the Superior Court dated September 22, 1966.

A second trial of the action in the Superior Court was before *Faraci,* J., a District Court judge sitting under statutory authority.

*Raymond J. Kenney, Jr.,* for the defendant.

*Francis E. Kelly & Charles J. Wilkins,* for the plaintiff, submitted a brief.

BY THE COURT.   This action of tort for personal injuries arising from a motor vehicle collision was tried on a transfer from the Superior Court under G. L. c. 231, § 102C, before a judge of the Municipal Court of the City of Boston, who found for each of two defendants.   The case was retransferred to the Superior Court and was tried there to a jury. After the return of the verdicts the judge declared a mistrial.   Subsequently, the count against the other defendant being waived, the case was again tried to a jury, who found for the plaintiff.   The defendant excepted to the refusal of the trial judge in the second jury trial to allow the introduction in evidence of the finding of the Municipal Court. This was error.   Under G. L. c. 231, § 102C, the decision

"of . . . a district court shall be prima facie evidence upon such matters as are put in issue by the pleadings . . . ." The applicability of the statute was not affected by the prior trial in the Superior Court which ended in a mistrial.

*Exceptions sustained.*