WALTER W. HEIL, administrator, *vs.* JOHN J. MCCANN, executor.

Suffolk. September 15, 1971. — November 17, 1971.

Present: TAURO, C.J., CUTTER, REARDON, QUIRICO, & BRAUCHER, JJ.

*Contract,* For personal services, Implied contract. *Practice, Civil,* Appellate Division: what questions open, appeal; Action transferred to District Court.

An appeal from a decision of an Appellate Division reversing a finding by a Municipal Court for the plaintiff in an action transferred to the Municipal Court under G. L. c. 231, § 102C, was premature in that the proper procedure would have been for the plaintiff to have the case retransferred to the Superior Court, and after trial there to bring an exception to this court together with the appeal from the Appellate Division, but, where the case had been fully argued and the improper procedure not noted by counsel, this court decided the merits in favor of the plaintiff and reversed the decision of the Appellate Division and ordered the report dismissed, leaving it open to the defendant to have the action retransferred to the Superior Court for trial there in the manner provided in § 102C. [510–511, 512]

Evidence in an action, including evidence of repeated statements by the defendant executor's decedent that, in return for services rendered, she would make provision for the plaintiff administrator's decedent in her will, warranted findings that the promise was made in consideration of the services, that the services were performed in reliance upon the promise, and that the plaintiff was entitled to the fair value of the services. [511–512]

CONTRACT. Writ in the Municipal Court of the West Roxbury District dated August 1, 1967.

Following removal to the Superior Court and transfer to the Municipal Court, the action was tried before *Colten, J.*

*Robert C. Capasso* for the plaintiff.

*Morris Michelson* for the defendant.

BRAUCHER, J. This is an action of contract to recover for personal services rendered by the original plaintiff, Herman L. Heil (Herman), to the defendant's testatrix, Delia J. King, from 1954 until she was placed in a nursing home in 1965.

The action was removed from the Municipal Court to the Superior Court, and later transferred to the Municipal Court under G. L. c. 231, § 102C. On a suggestion of Herman's death his administrator appeared to prosecute the action as plaintiff. After trial in the Municipal Court the judge found for the plaintiff on count 1 of the declaration, found for the defendant on counts 2 and 3, and at the defendant's request reported his finding for the plaintiff on count 1 and his refusal to give six rulings requested by the defendant. The plaintiff appeals from a decision of the Appellate Division which reversed the finding for the plaintiff and ordered a finding for the defendant.

Count 1 alleges that the defendant's testatrix requested Herman to perform services for her and promised to make provision for him in her will, that he did perform services for her, that she repeated her promise, that the contract was unenforceable, and that Herman was entitled to fair compensation for the services rendered. The judge made the following findings: "Delia King had lived with . . . [Herman] from about January 1954 to about 1965. Miss King became a full time boarder upon her retirement in 1957 at which time she promised to take care of . . . [Herman] in her will. She lived with . . . [Herman] as a member of the family and . . . [his] wife would clean the deceased's bedroom, wash her clothes, prepare the meals and when ill would take care of her. In 1965, when the . . . [testatrix who] was then in her eighties needed nursing home care, her nephew was so informed. He then took her to his home for two or three days and put her in a nursing home. In all the years the . . . [testatrix] lived with . . . [Herman], the . . . [testatrix's] nieces and nephews had very little to do with her. The nephew, however, would take her to the bank to deposit dividend checks.

"I find as a fact that in consideration of the services rendered the . . . [testatrix] she promised to make provisions for . . . [Herman] in her will. I find as a fact that . . . [Herman] relied on the promise of the . . . [testatrix] that she would compensate him by making a provision for him in her will. I further find as a fact that the money received by . . . [Herman] from the nephew was nominal for the services rendered."

The report states that it contains all the evidence material to the questions presented. With respect to Miss King's promise, the plaintiff, Herman's son and administrator, testified that "about 1957 his father told him that Delia King said she would take care of them [the father and mother of the witness] in her will and in 1965 his father told him that Mr. McCann had promised to pay the father an additional $40 a month." In addition, in answers to interrogatories given before his death (see G. L. c. 233, § 65A), Herman stated that his conversations with Miss King concerning his services or payment for his services took place in his home in the presence of his wife, "Starting in January 1954 at meal times when we ate our meals together or when we were all in my apartment from time to time. I cannot remember the exact dates but every few weeks and when she was confined to her bed in 1965 almost every day. . . . She told us that she would make it up to us by taking good care of us in her will."

Answers to other interrogatories disclosed that Miss King paid room rent of $20 a month from 1954 to 1957, $28 a month from 1958 to 1962, $38 a month from 1963 to 1965, and that her nephew McCann paid an additional $40 a month for rent and food for February through December, 1965.

The Appellate Division said that the reported evidence of any "promise" or "contract" was far less than the evidence in *Hurl* v. *Merriam*, 252 Mass. 411, 414, where this court directed judgment for the defendant. The Appellate Division concluded, "On the pleadings, the evidence, and the law, a finding for the plantiff is not warranted,"

and that the defendant's request No. 1 to the same effect should have been allowed. See *Cassell* v. *Traverso,* 340 Mass. 786.

1. We face at the outset the fact that the appeal is before us prematurely under *Lubell* v. *First Natl. Stores, Inc.* 342 Mass. 161, 165–166. See *Newgent* v. *Colonial Contractors & Builders, Inc.* 348 Mass. 582, 584; *Henry* v. *Mansfield Beauty Academy, Inc.* 353 Mass. 507, 508–509; *Spritz* v. *Lishner,* 355 Mass. 162, 165; *Fulton* v. *Gauthier,* 357 Mass. 116, 117–118; *Normandin* v. *Aho,* 358 Mass. 802; *Miller* v. *Commonwealth Motor Hotels, Inc.* 358 Mass. 823; *McCarthy* v. *Adamonis,* 359 Mass. 438. Notwithstanding the statement in the *Lubell* case that a case under G. L. c. 231, § 102C, "is not subject to appeal under c. 231, § 109," the court actually entertained such an appeal and reversed the order of the Appellate Division. What was meant was that the appeal ordinarily would not be heard until after trial in the Superior Court upon retransfer.

Thus the proper procedure in the present case, if the Appellate Division were in error, would be for the plaintiff to "have the case retransferred for determination by the superior court." G. L. c. 231, § 102C, as amended through St. 1967, c. 767, § 2. The request for retransfer could be filed within ten days after the notice of the decision or finding following the final disposition of the case by the Appellate Division. *McGloin* v. *Nilson,* 348 Mass. 716, 719. The case would then be tried anew in the Superior Court. If the erroneous finding for the defendant in the Municipal Court were admitted as prima facie evidence in the Superior Court, the plaintiff could bring an exception here together with his appeal from the Appellate Division under G. L. c. 231, § 109. We could then sustain the exception and direct the entry of the order which the Appellate Division should have ordered.

2. The fact that the appeal is premature was not brought to our attention by counsel, who have fully argued the case on the merits. The defect is not strictly jurisdictional, as is shown by the actual decision in the *Lubell* case. Compare

*Imbimbo* v. *Ahrens, ante.* In order to save the time of other courts and of ourselves in this matter, therefore, we proceed to the merits.

3. When an action at law is tried without a jury, the judge occupies a dual position; he is the magistrate required to lay down correctly the guiding principle of law; he is also the tribunal compelled to determine what the facts are. *Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 18. His findings aie to stand if warranted in law upon any reasonably possible view of the evidence, and the only question for this court to review on denial of a request like the defendant's request No. 1 is whether upon the evidence, with all rational inferences which might be drawn therefrom, a finding for the plaintiff can be sustained. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143. The Appellate Division was subject to the same restrictions; it could not review the judge's findings of fact as such. G. L. c. 231, §§ 108–110. See *Kelsey* v. *Hampton Court Hotel Co.* 327 Mass. 150, 152; *Elliott* v. *Warwick Stores, Inc.* 329 Mass. 406, 409–410.

4. One who has rendered valuable services pursuant to an oral agreement, which cannot be enforced on account of the statute of frauds, may recover the fair value of the services. This remedy is allowed, not as a means of indirectly avoiding the statute, but to prevent the statute from being employed as an instrument of fraud. The remedy compels the defendant to pay for what he has received by virtue of the express contract. *Donovan* v. *Walsh,* 238 Mass. 356, 361–362. *Dixon* v. *Lamson,* 242 Mass. 129, 137. *Rizzo* v. *Cunningham,* 303 Mass. 16, 23. *Downey* v. *Union Trust Co.* 312 Mass. 405, 411. *Hollister* v. *Old Colony Trust Co.* 328 Mass. 225, 228. *Turner* v. *White,* 329 Mass. 549, 553–554. *Draper* v. *Turner,* 339 Mass. 616, 617. See *Douillette* v. *Parmenter,* 335 Mass. 305, 307. The evidence (by answers to interrogatories) of repeated statements by Miss King "that she would make it up to us by taking good care of us in her will" went beyond the general expressions of intent in *Hurl* v. *Merriam,* 252 Mass. 411, 413–414

("Now that I am going to make my home with you I am going to deed my property to you"), and *Cassell* v. *Traverso,* 340 Mass. 786 ("statements by the testator that his estate would be divided · equally among his six children"). In view of that evidence, supplemented by oral testimony, we cannot say the judge was unwarranted in finding that "in consideration of the services rendered the . . . [testatrix] she promised to make provisions for . . . [Herman] in her will," and that he relied on the promise. The judge was therefore correct in denying the defendant's request No. 1, and the Appellate Division erred in holding that the request should have been allowed.

5. The judge denied the defendant's request for a ruling that a finding for the defendant was required for the reasons that the plaintiff had not proved Herman's performance of the alleged contract, that Herman had been fully paid, that Herman had received fair compensation, and that the plaintiff had not proved the market value of the services performed by Herman. The judge's findings quoted above sufficiently negate these reasons, and those findings have support in the evidence reported by him.

6. The order of the Appellate Division is reversed. The report is to be dismissed.[1]

*So ordered.*

[1] The dismissal is to have the effect of a decision by the Appellate Division dismissing the report on the ground that no reversible error was found. A request for retransfer to the Superior Court may be made by the defendant within ten days after notice of the decision or finding following the final disposition of the case by the Appellate Division. *McGloin* v. *Nilson,* 348 Mass. 716, 719. In the Superior Court the decision of, and the amount of the damages assessed, by the Municipal Court shall be prima facie evidence upon such matters as are put in issue by the pleadings. G. L. c. 231, § 102C.