*Southern District*

# No. 125

## RICHARD N. LaSALLE
### v.
## AMALGAMATED CLOTHING WORKERS OF AMERICA, LOCAL 177,
*and*
## HOME ASSOCIATION, INC.[1]

Argued: March 17, 1976. Decided: October 8, 1976

---

[1] There was another defendant in the original action entitled Amalgamated Clothing Workers of America, Local 177 Inc., which is not a party to this report as there was a finding in its favor.

Case tried to *Anderson, J.,* in the Second District Court of Bristol. No.: 41800/75.

Present: Lee, P.J.; Rider, J. and Welsh, J.

Counsel for Defendant: Kenneth L. Sullivan.

**Lee, P.J.**    This is an action of contract to recover fees for services rendered as an attorney for the defendant. An answer was caused to be filed by direction of one Flavell, appointed trustee for Amalgamated Clothing Workers of America, Local 177, Inc., (hereinafter referred to as Local 177, Inc.) under the theory that he also had control of Amalgamated Clothing Workers of America, Local 177, Home Association, Inc. (hereinafter referred to as Home Association, Inc.).

The answer was a general denial and set forth additional affirmative defenses, to the effect that the plaintiff could not recover because of certain provisions of federal and state labor legislation.

There was a finding for the plaintiff, as against the defendant, Home Association, Inc., in the amount of $2,460.00. The court found for the defendant, Local 177, Inc.

Home Association, Inc. was incorporated for the purpose of acquiring real estate for Local 177, Inc. Its officers were also officers of Local 177, Inc.

The issue in this case is whether or not Home Association, Inc. was subject to the provisions of Title 29 of the United States Code Annotated and therefore under the control of Flavell, appointed trustee of Local 177, Inc., but not of Home Association, Inc.

The pertinent sections of Title 29, USC, which the defendant claims prevents the plaintiff from recovering in this action, is §401, *et sequitur.*

The material language of these sections holds that funds of a union are not available to defend officers, who are fiduciaries charged with actions detrimental to the union and its members.

See also: *Kerr v. Shanks,* 466 F2d 1271 (9th Circuit) (1972). *Milone v. English,* 306 F2d 814, D.C. Circuit (1962).

The defendant maintains, also, that Home Association, Inc. is so closely aligned and interwoven with Local 177, Inc., that it too comes under the control of Amalgamated Clothing Workers of America, Inc. and, therefore, is subject to the supervision and direction of said Flavell, duly appointed trustee of Local 177, Inc.

We would say at the outset that the right to file an answer in behalf of the defendant, Home Association, Inc., by the trustee, Flavell, might have been challenged by the plaintiff by timely motions and the issue resolved at that point, but that was not done and the case was fully tried and is before us on appeal for decision.

The evidence in this case tends to show that as a result of certain charges of improprieties being filed with the General Secretary-Treasurer of the Amalgamated Clothing Workers of America, one Thomas Flavell, was appointed Administrator of Local 177, Inc.; to take possession and administer the affairs, funds and property of said Local 177, Inc., and to assume and perform the duties of the officers and agents of said local union.

Flavell immediately filed a bill of complaint in the Bristol County Superior Court to restrain the officers of the Home Association, Inc. from conveying certain of its real estate alleging such action would be detrimental to the union and its members.

The plaintiff, an experienced labor lawyer, was retained by the officers of Home Association, Inc. to represent them in that action.

On May 13, 1974, Flavell notified the plaintiff, that Home Association, Inc. was not authorized to retain an attorney and that he as administrator had not retained him to represent the Home Association, Inc.

Home Association, Inc. terminated the plaintiff's services on July 26, 1974, even though the litigation regarding this matter had not been resolved.

There was testimony that the value of the plaintiff's services was $2,460.00.

The defendant's contention is that under the authority of Title 29 of the Code (Landrum-Griffin Labor Act) it had control over all of its subsidiaries and that Home Association, Inc., was such a subsidiary.

We agree that its action under Title 29 has been correct in regard to assuming control of Local 177, Inc., in all of its duties and powers, but we do not regard Home Association, Inc., as being one of its subsidiaries.

The evidence shows that Home Association, Inc., was a Massachusetts corporation organized under the laws of Massachusetts for the purpose of acquiring real estate for the benefit of Local 177, Inc.

As such it is a legal entity in itself, and while its purpose was for the benefit of Local 177, Inc.; it had a duty to carry out its own responsibilities among which would be the acquiring of counsel to defend itself in any actions against it. Flavell's control of Local 177, Inc., did not extend to Home Association, Inc.

We look now at the defendant's grievance that the fee allowed by the court was too high for the services rendered. We note that no request for rulings of law were filed by the defendant stating any legal basis

for error by the court concerning its finding in this regard.

The amount of an attorney's fee is a question of fact for the court and cannot be reviewed by this Division unless plainly wrong. *Heil v. McCann,* 360 Mass. 507, 511 (1971); *Moss v. Old Colony Trust Company,* 246 Mass. 139, 143 (1923).

We find sufficient evidence to support the trial justice's finding of the amount of the fee and no abuse of discretion, and therefore we will not disturb it.

There being no prejudicial error, the report is ordered dismissed.