McGuane, J.
Walsh, J.
Larkin, J.

## FRANKLIN STREET AUTO SALES & SERVICE, INC.
### vs.
## PATRICK MOTORS, INC.

### No. 285

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

January 23, 1981

Francis G. Ermilio for the plaintiff.
Lawrence H. Fisher for the defendant.

Present: McGuane, J., Walsh, J.,
Greenberg, J.

## OPINION

MCGUANE, J. The facts in this case simply stated were as follows: On February 5, 1979 the defendant, Patrick Motors, Inc., sold a 1976 Dodge Tradesman Six-Door Van to the plaintiff, Franklin Street Auto Sales, for a price of $2,200.00. There was evidence to show that one month after the sale the plaintiff wrote a letter under G.L. c. 93A, which was made part of the complaint representing that the mileage of said vehicle was 166,000 miles. Other evidence showed that the actual mileage was 66,652. The defendant admitted to an unfair practice in that the odometer reading was changed from 66,652 to 46,652 miles and the case was tried on the basis of actual damages.

The defendant offered to repurchase the vehicle from the plaintiff for $2,250.00. The vehicle was purchased by plaintiff originally for $2,200.00. The plaintiff testified he had spent an additional $300.00 to repair the van and $50.00 to put it in an auction.

The plaintiff testified that the value of the vehicle with a clear title, mileage of 46,000 was $2,200.00, that the same vehicle with 66,00 miles was worth only $1,500.00.

There was also testimony by both plaintiff and defendant that vehicle with the title was unmarketable and had no value in that condition. The defendant testified that a title in the condition in this case could be legally corrected although he himself had never done it.

The court made the following findings: "That on February 5, 1979 plaintiff purchased a 1976 Dodge Van from defendant for $2,200.00. The plaintiff is in the business of buying and selling vehicles and purchased this vehicle for resale. After making repairs and improvements the plaintiff decided to sell the vehicle wholesale at auction. It was then discovered that the odometer had been altered and this fact was admitted by the defendant. I find the demand letter by plaintiff, dated March 5, 1979, complied with the provisions of G.L. c. 93A, sec. 9. As a result of the altered odometer the title to the vehicle is not marketable and as a result the vehicle has no value to the plaintiff. I find the action of the defendant violated the provision of G.L. c. 93A. I find for plaintiff and award triple damages which are in the sum of $7,650.00 plus an attorney's fee in the amount of $500.00 plus costs.

In order to effect justice I order the plaintiff to return the vehicle to the defendant upon satisfaction of the execution."

The defendant appeals from the denial of the following requests for rulings:

1. The plaintiff's action under Chapter 93A is barred in that the plaintiff's demand letter contains misrepresentations of facts in that plaintiff alleges that the true mileage was 166,000. (Denied).

2. The plaintiff is barred from recovering treble damages in that the demand letter fails to list the damages suffered by the

plaintiff which is a prerequisite to suit and must be alleged and proved. **Heller v. Silverbranch Const. Corp.** 1978 Mass. Adv. Sh. 2850, 382 N.E. 2d 1065. (Denied).

3. The actual damages suffered by the plaintiff is the difference between the value of a 1976 Dodge Trandesman 6-door panel Van with 66,652 miles on February 5, 1979. (Denied).

4. The plaintiff's actual damages are not three times the $2200.00 purchase price and reasonable attorney fees. (Denied).

5. The defendant is liable for the damages suffered by the plaintiff as a result of the seller's use of a deceptive act or practice and the loss of money suffered by the plaintiff would be the difference in value between a 1976 vehicle with 66,652 miles and one with 46,652 miles. (Denied).

The defendant submits that the demand letter of the plaintiff is faulty and therefore the action is barred. The primary purpose of the demand letter required by G.L. c. 93A, sec. 9 is to promote negotiation and settlement. It is to put defendant on notice so the defendant can investigate the claim. With such notice the defendant can investigate the claim and initiate settlement or negotiation. The plaintiff's letter notified the defendant that the odometer reading was altered and further claims treble damages, attorney's fees and costs. The judge's findings that the demand letter was sufficient is based on substantial evidence and the defendant's first and second requests for rulings were properly denied. **Heller v. Silverbranch Const. Corp.** 382 N.E. 2d 1065 (1978).

The third, fourth and fifth requests dealt with damages. The court found based on reported evidence that the vehicle with the then existing title was unmarketable. This finding was based on facts presented in evidence and the court had sufficient evidence on which to base this finding.

The Appellate Division is limited to review errors of law and not make substituted findings of fact. **Heil v. McCann,** 360 Mass. 507 (1971).

Defendant's third, fourth and fifth requests were properly denied.

There being no prejudicial error in the denial of defendant's requested ruling the report is dismissed.