Welsh, P.J.
This is a civil action in which the plaintiff seeks to recover the fair and reasonable value of improvements he made upon an apartment building owned by the defendant.
The plaintiff alleges that he caused improvements to be made on the defendant’s property in reliance upon her oral promise to convey the property to him for the sum of $44,000.00; that the defendant instead conveyed the property to another for $59,000.00, in violation of her undertaking; and that the fair value of the improvements he rendered in reliance upon the unfulfilled promise was $8,000.00.
The defendant denied making any such agreement, but admitted listing the property with a broker and the subsequent sale to another.[1]
The plaintiff had offered to purchase the property from the defendant for $44,000.00. The fair value of the improvements amount to $8,000.00. The fair *98 value of the property at the time of its sale to a third party was $55,000.00, less the broker’s fee incurred and paid. The plaintiff effected the improvements after he made the offer to purchase the property. There was evidence that the defendant told the broker that she had recently made improvements to the property amounting to $8,000.00.
The plaintiff attempted to offer evidence tending to show that there was an oral promise by the defendant to convey the property to him for $44,000.00. The court excluded such evidence over the objection of the plaintiff. Several offers of proof were made that the tenor of such evidence would be that the defendant was aware that the plaintiff was making the improvements in contemplation of the expected conveyance of the property to him. To the exclusion of such evidence, the plaintiff duly claimed a report and saved the question for appellate review in accordance with Rule 64(a), Dist./Mun. Cts. R. Civ. P. Similarly, the plaintiff sought to introduce testimony of a conversation in which the defendant stated that she had had the property appraised and had decided not to sell to the plaintiff. This testimony was also excluded. The plaintiff presented another witness who was prepared to testify that the defendant told the plaintiff in the presence of the witness that the apartment was “looking good” and that he (the plaintiff) “was spending a good deal of money, but it is O.K. because you are going to own the building.” In like manner, the judge excluded, subject to plaintiff’s objection and claim of report, testimony to the effect that the defendant had accepted the plaintiff’s offer to purchase the property for $44,000.00, and finally, that the defendant had “changed her mind” and would not sell the house to the plaintiff.
The proffered conversations were competent evidence on the issues of the existence of the oral promise, the reliance upon it by the plaintiff to his detriment, the change of mind by the defendant, and knowledge on the part of the defendant that plaintiff was making the improvements in reliance upon her promise. The report indicated that the basis for exclusion was hearsay. Such testimony was admissible as admissions. P.J. LIACOS, HANDBOOK OF MASSACHUSETTS EVIDENCE (5th ed. 1981) 275, 276. Indeed, it is hard to conceive how else a plaintiff in a case such as this could prove his case, were he precluded from using testimony of conversations, declarations or utterances by the party sought to be charged.
We determine that the judge erred in excluding such evidence.
At the close of the trial and before final arguments, the plaintiff requested the judge to rule that based on the fact that an owner of real estate made an oral promise to sell real estate, and the buyer relying on that promise expends money to repair the property and to make improvements on the property, the person making such improvements is entitled upon a refusal to honor the oral promise to the fair value of the improvement. The judge did not act upon this request. Such failure to act constitutes a denial of the request. Kravetz v. Lipofsky, 294 Mass. 80, 84 (1936).
While perhaps less than artfully drawn, this request was sufficient to call the judge’s attention to a rule of substantive law, stated substantially correctly in the request, and pertinent to the issues raised by the pleadings. Snyder v. Rosen, 342 Mass. 116, 118 (1961). It should have been allowed. The plaintiff was not seeking damages for breach of a contract unenforceable because of the Statute of Frauds; rather he invokes the remedy of restitution. As was observed in Heil v. McCann, 360 Mass. 507 (1971):
One who has rendered valuable services pursuant to an oral agreement, which cannot be enforced on account of the Statute of Frauds, may recover the fair value of the services. This remedy is allowed, not as a means of indirectly avoiding the statute, but to *99 prevent the statute from being employed as an instrument of fraud. The remedy compels the defendant to pay for what he has received by virtue of the express contract. Id. at 511.
A case quite similar to the case sub judice is that of Rich v. DeAvellar, 2 Mass. App. Ct. 632 (1974). A plaintiff who rendered valuable service upon the land of another was permitted to recover the fair and reasonable value of such services, when the owner of the land refused to honor an oral promise to convey the land to a corporation in which the plaintiff had beneficial interest. Id. at 634-636.
We determine that there was prejudicial error in failing to give the ruling requested and in excluding the proffered evidence. The finding for the defendant is vacated and the case is remanded for a new trial.

So ordered.

 The Statute of Frauds was not set upon as affirmative defense as required by Rule 8 (c), Mass. R. Civ. P., 365 Mass. 750.