Aguiar, J.
This appeal raises the issue of whether the Statute of Frauds bars recovery under quantum meruit when one has rendered valuable services pursuant to an oral agreement which cannot be enforced on account of the Statute of Frauds.
We find that it does not bar recovery under quantum meruit and we find no error in the Court’s ruling.
On or about Oct. 21,1988, defendant Hillcrest, a general contractor, entered into a contract with defendant Cook for the remodeling of the building owned by Cook. Hillcrest entered into an oral agreement with plaintiff whereby plaintiff was to provide electrical materials and labor for the project. Cook and Hillcrest eventually had disagreements and Hillcrest stopped its work under the written contract with Cook as of June 20,1990.
Plaintiff supplied electrical materials and labor to defendant Cook, the owner, and Hillcrest Development Corp., the general contractor. There was evidence indicating that defendant Cook directed plaintiff to make numerous changes in the electrical work being performed as well as additions to the electrical work and that defendant Cook directly assured plaintiff that it would be paid for the labor and materials it was providing.
Judgment was entered against Hillcrest, on Count I of the complaint in the amount of $25,748.56 and against Cook on Count III of the complaint in the amount of $15,000.00 plus interest and costs.
The trial court expressly relied on quantum meruit as a basis for its finding. Rulings of Law requested by the defendant Cook, numbered 3 and 4, are both designed to defeat the application of quantum meruit principles to the instant case. Both of these requests were denied by the Trial Court “as I do not find.” The Trial Court expressly denied the defendant’s position which would have defeated the application of quantum meruit.
In finding for the plaintiff on Count 3 the Trial Court had sufficient evidence to find that the plaintiff had performed in reliance on an unenforceable agreement and that recovery should be allowed in quantum meruit, to the extent of the reliance, to prevent unjust enrichment. Heil v. McCann, 360 Mass. 507, 511 (1971).
The findings of the Trial Court judge should not be set aside by the Appellate Division “unless clearly erroneous, and due regard shall be given to the opportunity of the Trial Court to judge the credibility of the witnesses.”
After the trial on the merits, the Trial Court allowed defendant Cook’s Request for Rulings of Law 1 and 2 which in effect allowed recovery on the basis of quan- *103 turn meruit and denied recovery on a contract theory.
The Statute of Frauds requires that a promise to pay the debt of another be in writing. One who has rendered valuable services pursuant to an oral agreement which cannot be enforced on account of the Statute of Frauds may recover the full value of its services in quantum meruit.
There was evidence to show that the plaintiff continued to provide labor and electrical materials for its services on defendant Cook’s property based upon Cook’s promise to pay plaintiff for such services; that those services were substantially performed in good faith and that those services benefitted the defendant Cook.
Consequently, the evidence at trial was sufficient to support the Trial Court’s award of damages to plaintiff under a theory of quantum meruit where it found that defendant Cook was aware that such services were being performed, requested the services, accepted the benefit of such services and made no objection to plaintiff’s performance of the services.
We find that there is no error of law. We find that the evidence introduced at the trial of this matter was sufficient to support the Trial Court’s rulings as well as the judgment for plaintiff.
The Trial Court judgment is affirmed and the Report is dismissed.