**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

Nos. 14-1358
    14-1737

JANE E. TAYLOR, as an individual and derivatively on
behalf of Jane E. Taylor GST Exempt Trust and
Jane E. Taylor Non-Exempt Trust,

Plaintiff, Appellant,

v.

JAMES M. MOSKOW, JMB GROUP, LLC AND BLACK OAK REALTY, LLC,

Defendants, Appellees.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. F. Dennis Saylor IV, U.S. District Judge]

Before

Barron, Selya and Stahl,
Circuit Judges.

Paul R. Chomko, with whom Alford & Bertrand, LLC was on brief,
for appellant.
Charlotte L. Bednar, with whom Eckert Seamans Cherin &
Mellott, LLC was on brief, for appellees.

April 21, 2015

**SELYA, Circuit Judge.** These appeals arise out of the second of two civil actions prosecuted by plaintiff-appellant Jane E. Taylor against her brother, James M. Moskow, and corporations controlled by him. The first action, brought by the plaintiff in her own right, was dismissed by the district court for failure to state a claim upon which relief could be granted. See Taylor v. Moskow, No. 13-10802, 2013 WL 5508157, at *1 (D. Mass. Oct. 1, 2013); see also Fed. R. Civ. P. 12(b)(6). The main basis for this decision was the court's determination that the plaintiff was seeking to recover for harm to certain limited liability corporations and had no standing to do so. See Taylor, 2013 WL 5508157, at *3-4. The order of dismissal in that action was never appealed.

The plaintiff subsequently commenced the second action, which undergirds these appeals. In her complaint, she asserted two traunches of claims. The first traunch comprised claims brought by her individually; the second traunch comprised claims brought by her derivatively, that is, as a trustee and beneficiary of a series of trusts that (she alleged) had beneficial interests in certain limited liability corporations, not parties to her suit, that owned properties in Massachusetts.

The district court initially dismissed both traunches of claims, holding that the maintenance of the entire action was precluded by the prior judgment. See Taylor v. Moskow, No. 13-

-2-

12675, 2014 WL 931957, at *3 (D. Mass. Mar. 7, 2014). The plaintiff responded to this adverse decision in two ways: she both appealed the order of dismissal and moved for reconsideration. The district court reconsidered in part, determining on reflection that the judgment in the earlier case did not bar the maintenance of the second traunch of claims. See Taylor v. Moskow, No. 13-12675, 2014 WL 2573990, at *3-4 (D. Mass. June 6, 2014). But this proved to be a Pyrrhic victory because the court proceeded to rule that the second traunch of claims failed for a variety of other reasons to state causes of action upon which relief could be granted. See id. at *4-6. The plaintiff timely filed a further notice of appeal.

We consolidated the two appeals and reached them on April 8, 2015. At the start of oral argument, plaintiff's counsel informed the court that the plaintiff had brought a new derivative action and that, therefore, the plaintiff wished to waive her appeal of the dismissal of the second traunch of claims. After ascertaining that defendants' counsel did not object, we accepted the waiver and agreed to dismiss that portion of the consolidated appeals. Oral argument ensued with respect to the first traunch of claims alone.

After consideration of the parties' briefs and oral arguments, we summarily affirm the dismissal of the first traunch of claims. As to those claims, the district court premised its order of dismissal on principles of claim preclusion. The

plaintiff's briefs in the district court, however, contained no developed argumentation as to why claim preclusion does not apply. That omission is fatal to her argument on appeal. "If any principle is settled in this circuit, it is that, absent the most extraordinary circumstances, legal theories not raised squarely in the lower court cannot be broached for the first time on appeal." Teamsters Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 21 (1st Cir. 1992).

Here, moreover, the plaintiff doubled down on her omission. Her brief on appeal is similarly devoid of any reasoning suggesting (let alone demonstrating) that the doctrine of res judicata does not bar the claims at issue. "[I]ssues averted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

We need go no further. For the reasons elucidated above, we dismiss these appeals in part and, as to what remains, affirm the judgment below.

**So Ordered.**