A. Statute of Limitations
Defendant argues that plaintiff's fraud claims are barred by the three-year statute of limitations because they accrued in 2012, when plaintiff stopped receiving interest payments from the business. Mass. Gen. Laws ch. 260, § 2A. In the light most favorable to plaintiff, however, notice of reduced income stream despite defendant's best efforts, as plaintiff alleges he assumed in 2012, is not commensurate with notice of defendant's self-interested undermining of that income stream, as plaintiff alleges he discovered only upon the sale of the business in August 2016. See Fin. Resources Network, Inc. v. Brown & Brown, Inc., 754 F.Supp.2d 128, 159 (D. Mass. 2010) (claim accrues when "plaintiffs know or reasonably should have known that they were injured as a result of the defendant's conduct."). Accordingly, plaintiff's claims are not time-barred.
B. Breach of Contract (Count III)
Plaintiff contends that defendant breached an oral contract formed when defendant offered to "use best efforts to build and run a successful business" (id. ¶ 77), and plaintiff "accepted by his actions in loaning money, agreeing to be in the *258 business venture and continuing to fund." Docket # 14, at 7.
"[I]t is essential to state with 'substantial certainty' the facts showing the existence of the contract and the legal effect thereof." Doyle v. Hasbro, Inc., 103 F.3d 186, 194 (1st Cir. 1996) (quoting Pollock v. New England Tel. & Tel. Co., 289 Mass. 255, 194 N.E. 133, 136 (1935) ).
As in Doyle, the complaint here
fails to state the nature of the alleged contract with any specificity. There is no presentation of the terms of a contract, its duration, or even when it was formed. Nor does the [complaint] explain what obligations were imposed on each of the parties by the alleged contract ... Conclusory statements [of breach] are insufficient to satisfy the pleading requirements.
Id. at 195. Even accepting plaintiff's allegations as true, as I must at this stage, they are too indefinite to state a contract. See Armstrong v. Rohm & Haas Co., 349 F.Supp.2d 71, 81 (D. Mass. 2004) (allowing 12(b)(6) motion where "the alleged oral contract here is too imprecise to be enforceable as a matter of law."). The motion to dismiss is allowed as to Count III.
C. Fraud and Promissory Estoppel (Counts I and IV)
Plaintiff further alleges that defendant made "false statements and misrepresentations" "concerning the success of the business, concerning his desire to run the business, his intention to repay loans to the company and his intention to honor obligations to pay others." Compl. ¶ 67. He claims to have relied on these statements to his detriment, and pleads damages "in excess of $200,000." Id. ¶¶ 68-69.
"In order to state a claim for fraudulent misrepresentation, the plaintiff must allege: (1) that the statement was knowingly false; (2) that [defendant] made the false statement with the intent to deceive; (3) that the statement was material to [plaintiff's] decision ...; (4) that [plaintiff] reasonably relied on the statement; and (5) that [plaintiff was] injured as a result of [his] reliance." Doyle, 103 F.3d at 193.
Here, plaintiff fails plausibly to allege several of these elements. The only statement whose content is specifically alleged is defendant's representation that "business was slow but [ ] getting better." Id. ¶ 34. The complaint otherwise alludes only to defendant's general representations that "he had desire, knowledge, expertise, and that he would provide investment returns for the contributions made by Venditto," id. ¶ 71; that he would "use best efforts to build and run a successful business," id. ¶ 77; that "he was working diligently and in the best interests of the business in trying to grow the seemingly struggling business," id. ¶ 81; and that plaintiff's investments "would be used to make sound and professional business decisions in the running of Sadhana." Id.
Even assuming that the above allegations meet the particularity requirements of Federal Rule of Civil Procedure 9(b), there is no allegation that any of the statements were knowingly false or made with intent to deceive, nor is reasonable reliance plausibly alleged. Plaintiff's own role included "corporate record keeping, partnership level accounting and legal matters of the business," id. ¶ 30. His background involved "owning, managing and developing commercial and residential real estate," while defendant's consisted of "acting as a yoga instructor and teaching yoga classes." Id. ¶ 34. This disparity in business acumen, paired with the "questions" plaintiff alleges he occasionally had "about Cunningham's financial accounting," id. ¶ 34, and the ample opportunity for inquiry his corporate role afforded, contradict the assertion of reasonable reliance. Because that element is defined similarly for claims *259 of fraud and promissory estoppel, plaintiff's claim of promissory estoppel fails on the same grounds. See Coll v. PB Diagnostic Sys., Inc., 50 F.3d 1115, 1125 & n.6 (1st Cir. 1995) ("An element of promissory estoppel is that the party invoking it must have reasonably relied on the alleged promise to his detriment." (citation omitted) ). Accordingly, the motion to dismiss is allowed as to Counts I and IV.
D. Breach of Fiduciary Duty, Conversion, Unjust Enrichment, and for an Accounting (Counts II, V, VI, and VII)
In Counts II, V, and VI, plaintiff advances alternative causes of action concerning defendant's improper retention of funds, alleging that he (1) "breached the fiduciary duty they (sic) owed to plaintiff by failing and refusing to return the money entrusted to him and, upon information and belief, converting that money to his own use," Compl. ¶ 73; (2) "improperly exercised control over and converted for his own use the funds that Venditto entrusted to, or allowed him control over, for specific purposes," Compl. ¶ 85; and (3) has been unjustly enriched "by the amounts that Venditto and others provided to them (sic) which Cunningham has refused and failed to return." Compl. ¶ 88. He also seeks an accounting (Count VII) "identifying how and where the funds loaned to the business were used or spent." Compl. ¶ 92.
Under Massachusetts law, however, "a member of an LLC cannot bring an action in his own name to enforce the rights or redress the injuries of the LLC." Laverty v. Massad, 661 F.Supp.2d 55, 62 (D. Mass. 2009) ; cf. Butler v. Winner Int'l Corp., 1995 WL 420004, *4 (4th Cir. July 17, 1995) (plaintiff had standing where his claim was not based on his status as a shareholder, but rather on the fact that the defendant had made certain promises to him in order to induce him to personally guarantee the corporation's loans). See Taylor v. Moskow, No. 13-12675-FDS, 2014 WL 2573990, at *4 (D. Mass. June 6, 2014) ("the proper entities to complain [of fiduciary breach and unjust enrichment] are the LLCs that directly suffered harm, not its member-owners"), aff'd in part, appeal dismissed in part, 600 F. App'x 2 (1st Cir. 2015).
Plaintiff's contributions were clearly made to the company. See, e.g., Compl. ¶ 92 (demanding an accounting for defendant's use of "the funds loaned to the business," (emphasis added) ); Docket # 11-3, at 3 (Buy-out agreement identifying plaintiff's $212,500 contribution as among the "capital investments deposited into the Sadhana, LLC account"). Because Sadhana, LLC, not plaintiff, is thus the properly aggrieved party in any action for the misappropriation of those funds, the motion to dismiss is allowed as to Counts II, V, VI, and VII.
E. Constructive Trust (Count VIII)
Though styled as a cause of action, plaintiff's final count seeks a particular remedy. See Stevens v. Thacker, 550 F.Supp.2d 161, 165 (D. Mass. 2008) ("A constructive trust is, of course, a remedy rather than a cause of action"). Because his underlying claims fail, the relief requested in Count VIII is unavailable.
IV. Conclusion
For the foregoing reasons, defendant's motion to dismiss (Docket # 9) is allowed in its entirety. Judgment may be entered dismissing the complaint.